## EMELINE C. FERRY ET AL.

### v.

## RICHARD B. MOORE.

1. AGENCY—ELECTION.—Whether there is an election not to charge the principal is a question of fact which is not determined by charging the agent after knowledge of the principal. Merely commencing a suit against the agent does not operate as an election which discharges the principal.

2. CHANCERY PRACTICE.—If, at the hearing, the plea is not found to be true, it will be overruled as false and the complainant will be entitled to a decree as on a bill taken as confessed.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed January 6, 1886.

This was a petition for a mechanic's lien, brought by Richard B. Moore against Aaron D. Ferry, Emeline C. Ferry, Joseph E. Otis and the trustees of the Presbyterian Theological Seminary of the Northwest. The petition alleges, in substance,

that on the 26th day of August, 1882, the petitioner entered into a written contract with Aaron D. Ferry to furnish the materials and labor and erect a frame building on Fullerton avenue, according to certain plans and specifications; said building to be completed by October, 1882, for which the petitioner was to be paid the sum of $3,123.30, of which eighty-five per cent. was to be paid from time to time as needed during the progress of the work, and the residue upon its completion; that immediately after the execution of said contract, the petitioner commenced the erection of a building on a certain lot fronting on Fullerton avenue, that being the lot on which the building mentioned in the contract was to be erected; that the title of record to said lot, at the time of making said contract, was in said Emeline C. Ferry, the wife of said Aaron D. Ferry, and that said Emeline C. Ferry claimed to be the owner thereof in her own right; that the petitioner furnished all the labor and materials and erected said building on said lot, and completed it on or about December 25, 1882.

The petition further alleges that at the instance and request of Aaron D. Ferry, the petitioner made certain changes and additions in the construction of said building, not contemplated by the written contract, amounting in value to $418.95; that no time of payment for said extras was agreed upon, but that, impliedly, they were to be paid for upon the completion of the building; that the delay in the completion of the building was wholly caused by said changes and extra work; that at the completion of the building, Aaron D. Ferry and Emeline C. Ferry accepted the same as completed according to the contract, and went into the occupancy of the same; that said contract was made and said materials furnished and said building erected with the full knowledge, approbation and consent of Emeline C. Ferry, and that she prepared the plans for the building, and was present when its construction began, and from day to day thereafter, during the progress of the work until its completion; that said Aaron D. Ferry was also present from time to time, giving directions in relation to the work in the presence of his wife; that before and during the

progress of the work said Emeline C. Ferry was well aware that the title to said premises stood in her name, and she neither notified the petitioner nor in any way intimated to him that she claimed to be the owner thereof; that when said contract was made, and during the whole progress of the work, both Aaron D. Ferry and his wife, by their acts and representations, led the petitioner to believe that said Aaron D. Ferry was the owner of said premises and the improvements thereon, and the petitioner, from such acts and representations, believed such to be the case, and in good faith acted on such belief, and never learned that the title was not in him until after the building was completed; that Aaron D. Ferry, at the date of said contract, was insolvent and had no property not exempt from execution sufficient to pay the petitioner's claim, but that he told the petitioner, at the time of making said contract, that he was the owner of said premises.

The petition further alleges that in making said contract and in ordering said additions and changes in said work, and in making payments for said labor and materials, said Aaron D. Ferry acted for and in behalf of said Emeline C. Ferry, and as her agent, with her full knowledge, approbation and consent, and that he continued to act as her agent with respect to the payments to be made to the petitioner therefor, until the commencement of this suit; that said written contract, though made by Aaron D. Ferry in his own name, was really the contract of said Emeline C. Ferry.

The petition admits that the petitioner had been paid upon said contract the sum of $2,874.06, and that the defendants are entitled to a deduction on account of certain changes in the construction of the building, by which the cost was diminished of $135, leaving due on the contract a balance of $141.24, which, with the amount due for extras, leaves the sum of $560.19 still owing him for said labor and materials.

The petition insists that, by reason of the facts above stated, said Emeline C. Ferry should be estopped from denying that said Aaron D. Ferry was acting for her as her agent in the matter aforesaid, and that the petitioner is entitled to a lien on said premises for said sum of $560.19 and interest.

It is further alleged that said Aaron D. Ferry, Joseph E. Otis and the trustees of the Presbyterian Theological Seminary of the Northwest have or claim to have some interest in the said premises as purchasers, mortgagees or otherwise, the precise nature whereof is unknown to the petitioner, but that such interests, if any such there are, have accrued since and are subject to the petitioners' lien.

Aaron D. Ferry died during the pendency of the suit without having answered, and Joseph E. Otis was defaulted for want of an answer. Defendants, Emeline C. Ferry, and the trustees of the Presbyterian Theological Seminary of the Northwest, appeared and filed a plea to the entire petition, in which they alleged, that said written contract and said contract for extras were made by the petitioner with Aaron D. Ferry in his own name and on his own behalf, and that exclusive credit was given to him by the petitioner for said labor and materials; that the labor and materials furnished by the petitioner for said building were charged by the petitioner to said Aaron D. Ferry, and that the amounts paid were paid by said Aaron D. Ferry with his own money and in his own behalf ; that at the time of the execution of said written contract and for a long time prior thereto, and until the death of said Aaron D. Ferry, said Aaron D. Ferry was engaged in business and was solvent, and possessed of ample means to pay all his just debts; that after the furnishing of said extras, and after the petitioner had abandoned said building claiming to have completed it, and after having been fully informed as to the ownership of the land upon which said building was erected, and after being fully informed that said Aaron D. Ferry was acting for and on behalf of his wife, and as her agent in making the written contract and the contract for extras, and in said payments of money, and with full knowledge and information of the relations between said Aaron D. Ferry and Emeline C. Ferry, and of the petitioner's rights and remedies in the premises, and prior to the commencement of this suit, and after repeated demands by the petitioner upon Aaron D. Ferry for the payment of said money, and without claiming or demanding the same of said Emeline C. Ferry, the petitioner exercised his

right of election in the premises and elected to hold said Aaron D. Ferry on said written contract and said contract for extras, and brought suit to recover the amount due him thereon in the Superior Court of Cook county against said Aaron D. Ferry, and caused summons to be issued in said suit against said Ferry, and that afterward said Ferry departed this life, by means whereof said suit was abated; and that said defendants therefore pleaded said facts by way of estoppel as to the whole of said petition.

Said plea being adjudged to be sufficient, the petitioner filed a general replication, and the cause being referred to the master to take proofs and to report the same and his conclusions thereon, evidence was adduced before the master, who reported that the material allegations of the petition were supported by the proofs, and that the material allegations of the defendants' plea were not proven. The cause being afterward heard before the court on the pleadings, the master's report and the exceptions thereto, said report was approved and said plea overruled as false, and a decree was thereupon entered declaring and establishing a lien in favor of the petitioner upon said lot and building for said sum of $560.19 and costs, and the lot and building were ordered to be sold for the satisfaction thereof. From this decree the defendants have appealed to this court.

Mr. G. FRANK WHITE, for appellant.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee.

BAILEY, P. J. It is urged that the decree is erroneous because of the failure of the petitioner to make the heirs of Aaron D. Ferry parties defendant. We see no ground, however, for holding that they were necessary parties. The title to the property affected by the decree was in Ferry's wife, and, so far as appears, there was no interest or estate in him beyond his inchoate right of dower. That right was extinguished by his death and passed no interest to his heirs.

Nor were he or his heirs necessary parties because of Ferry

being one of the parties to the contract under which the lien was sought to be enforced. True the contract was made in his name, but the bill alleges and the decree found that, in making the contract, Ferry was acting as his wife's agent, and that it was in fact her contract and not his. Such being the case, neither Ferry nor his heirs had any right to appear and contest the amount due on the contract. The whole matter, so far as they were concerned, was *res inter alios*.

It is insisted in the next place that the Presbyterian Theological Seminary held an incumbrance on the lot which was prior to the petitioner's lien, and that the decree should therefore have declared a first lien on the lot in its favor, and made provision accordingly for a distribution of the proceeds of the sale of the premises. On this point it is sufficient to say, that the record is barren of evidence tending to establish the existence of the incumbrance. The Theological Seminary was made a party defendant under the allegation that it had or claimed some interest in the premises as purchaser, mortgagee or otherwise, and that such interest, if any existed, was subsequent to the petitioner's lien. It thus became incumbent upon the Theological Seminary to set up its incumbrance by answer and establish it by proof, if indeed it had one, and in the absence of such showing, it must be presumed that it had no interest in the premises which could be affected by the decree.

The only substantial controversy in the case arises upon the issue of fact tendered by the plea. That the title to the lot was in Mrs. Ferry, and that in making the contract for the erection of the building and in all transactions connected therewith, her husband was really acting for her and as her agent is alleged in the petition and substantially admitted by the plea. The allegation of the petition that the relation of the principal and agent between Mrs. Ferry and her husband was unknown to the petitioner until after the building was complete, and that Mrs. Ferry during all that time occupied the relation of an undisclosed principal, is not denied by the plea, but would seem to be tacitly admitted. The issue tendered is, whether afterward, when the principal had been disclosed and the petitioner was fully informed of his rights and remedies as against her, he elected not to charge her as his debtor.

Ferry v. Moore.

The acts of the petitioner alleged in the plea and sought to be established by the evidence, and by which it is claimed that such election was manifested, were making repeated demands for the balance claimed to be due him of Mr. Ferry and bringing suit against him therefor.

It is said by Mr. Wharton in his Treatise on the Law of Agency, that in order to relieve the principal, there must be something equivalent to an election not to charge the principal, and whether there is such an election is a question of fact, which is not determined by charging the agent after knowledge of the principal. And the learned author seems inclined to the opinion that merely commencing a suit against the agent does not operate as an election which discharges the principal. There must be acts indicating an intent, with full knowledge of all the facts, to give sole credit to the agent, and to abandon all claim against the principal. Whart. on Agency Sec. 472.

The evidence bearing upon this issue was conflicting, unsatisfactory and inconclusive, and we think the master properly held that the alleged election was not proven. The plea being thus overruled as false, a decree for the petitioner necessarily followed. The rule is, that if at the hearing the plea is not found to be true, it will be overruled as false, and the complainant will be entitled to a decree as on a bill taken as confessed. 1 Barb. Chan. Prac. 125.

As there is no error in the record, the decree will be affirmed.

Decree affirmed.