## Laguna Valley Company v. James G. Fitch.

### Gen. No. 11,910.

1. AGENT—*when legal presumption of personal liability exists.* The legal presumption, in the absence of evidence, is that the agent is liable only where the principal is not known or where the agent undertakes in his own name or, exceeds his power; it is presumed otherwise that he intended to bind his principal since an agent should not be regarded as personally bound unless such intention is expressed in the contract.

2. ATTORNEY'S FEES—*when corporation liable for, notwithstanding claim therefor filed against the estate of its agent contracting therefor.* A corporation is liable to an attorney for services rendered to it with its knowledge and recognition, notwithstanding such attorney, prior to suit against it, had filed a claim against the estate of the president of such corporation who had provided for the rendition of such services, where such claim was filed in good faith under the impression that both the principal and agent were liable.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed October 6, 1905.

**Statement by the Court.** This is a suit by appellee to recover for legal services claimed to have been rendered for the appellant, a corporation organized under the laws of the territory of New Mexico. The cause was submitted to the trial court without a jury.

It is conceded by appellant that appellee was employed in February 1893 by one Wilson Waddingham, president of the appellant company, which was then known as the Valverde Land and Irrigation Company. Under such employment he prosecuted certain ejectment suits against parties then occupying land belonging to appellant situated in New Mexico. He continued in such employment until the death of Waddingham which occurred about May 16, 1899. During that time he was employed in suits brought both by and against appellant, acting under the general instructions of appellant's counsel in New York City. After Waddingham's death he was continued in the company's employment and rendered services as its attorney, for which it is claimed, however, that he has been paid by appellant in full. A resolution was adopted by the stockholders of appellant, in which the company authorized its former general attorney, who had then gone to New Mexico to reside, to make settlement as its agent with the authorities of New Mexico of certain taxes, and further authorized him "to cause any proper document or documents to be executed either by himself or by the attorney of this Company in New Mexico, James G. Fitch, and any and all acts of either said Mills or said Fitch in respect to the subject-matter of this vote are hereby ratified and confirmed." There is also in evidence a letter to appellee dated November 1, 1895, written by said Mills, who was at the time acting as counsel for appellant, in which it is said that "as soon as the company gets money I will come out and we will together settle the taxes and when we do that I will see that you get a good fee." It is said in appellant's brief "as to the amount of appellee's services, and the value thereof, there is no dispute, but there is a dispute as to said legal services having been rendered

for the Laguna Valley Company, formerly known as the Valverde Land and Irrigation Company."

LORENZO E. DOW and CHARLES A. ALLEN, for appellant.

GANN, PEAKS & HAFFENBERG, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It would seem from the evidence there can be no room for reasonable doubt that appellee was recognized and treated by the company itself as its attorney in New Mexico before as well as after Waddingham's death, that the services in controversy were rendered solely for that company and that appellee was promised a good fee for such services by the attorney of the company having at the time general supervision of 'its litigation in New Mexico, "as soon as the company gets money."

The defense made in behalf of appellant is, that in March 1900 appellee filed a claim in a .probate court in New Mexico against the estate of Wilson Waddingham, deceased, the former president of appellant, and that in an affidavit thereto attached he stated that Waddingham in his lifetime was indebted to appellee for legal services rendered deceased at his request and for money expended in the sum of $2,173.75, which claim was allowed, although no part of it has ever been paid; also that subsequently appellee filed a claim, also sworn to, against the estate of said Waddingham for the same services and expenditures in the Probate Court at New Haven, Connecticut, which claim was still pending when the present suit was commenced. It is contended in appellant's behalf that these sworn claims made against the estate of Waddingham tend to show that appellee made charges for his services rendered solely to appellant, against Waddingham. personally and not against the appellant company of which Waddingham was president when appellee was employed; that appellee is in the position of having contracted with Waddingham as agent for an undisclosed principal, and that appellee elected to resort to the agent Waddingham with full knowledge of the facts,

39

and cannot now maintain his action against appellant, the real principal. The legal presumption is, however, in the absence of evidence to the contrary, that the agent is liable only where the principal is not known or where he undertakes in his own name or exceeds his power. It is presumed otherwise that he intended to bind his principal, since an agent should not be regarded as personally bound unless such intention is expressed in the contract. Spry Lumber Co. v. McMillan, 77 Ill. App., 280-284, and cases there cited; Whitney v. Wyman, 101 U. S., 392-396; Stanton v. Camp, 4 Barb. (N. Y.) 274-278. In the case at bar, the principal was never undisclosed. The services in controversy were rendered wholly to appellant, the principal, from the outset. There is no evidence of any intention on the part of the agent Waddingham to be bound, and no evidence that appellee understood that the president was acting for himself or that appellee considered himself as employed by Waddingham personally, unless it be the fact that he presented a claim against the latter's estate in the probate courts. Appellant knew that appellee was acting as its attorney and afterward recognized him as such upon its records.

Appellee's explanation of his action in making claim against the estate of Waddingham in the probate courts is that the appellant corporation had failed to comply with certain provisions of the statute of New Mexico in reference to corporations, particularly in failing to have an agent in New Mexico upon whom service could be had; that he therefore believed Waddingham, its president, to be personally liable for the debts of the corporation, under provisions of the statute of that territory; and that therefore he undertook to enforce what he considered a statutory liability against the president's estate. Appellant's attorneys indulge in a legal argument, the purpose of which is to show that appellee is mistaken in claiming that such statutory liability existed under the laws of New Mexico, and it is insisted we must therefore presume that appellee in fact made his original charges against Waddingham personally and re-

garded himself as employed solely by and for Waddingham and not by and for the appellant company. We deem it immaterial whether appellee was or was not right in a legal sense in his attempt to enforce an assumed statutory liability against Waddingham's estate. But if he be deemed wrong in point of law, upon which we express no opinion, yet if acting in good faith in the belief that he had a valid claim against the president of appellant as well as against the company, and a legal right to enforce such claim against the president's estate—and there is no evidence that he was not so acting in good faith—such action, though mistaken, cannot with any propriety under the circumstances be deemed or treated as an election by appellee to look to the estate of the deceased president and abandon his claim against appellant for compensation for services rendered exclusively to the latter. Much less can it be deemed evidence tending to show that appellee made his charges for the services in question exclusively against the president personally and not against the appellant company. It is urged that the claim filed in the New Mexico Probate Court does not expressly set forth that the services were rendered for the company, that Waddingham was its president, that the company had been guilty of a violation of the statute and that hence Waddingham became liable to appellee. It must suffice to say, however, that whether Waddingham or other officers be deemed jointly liable with appellant or not, there is in this record nothing so far as we discover tending to show that appellee was employed by Waddingham exclusively or that he regarded or treated Waddingham as his sole debtor for the services sued for. Merely commencing a suit against the agent does not operate as an election to discharge the principal. "There must be acts indicating an intent with full knowledge of all the facts, to give sole credit to the agent and abandon all claim against the principal." Ferry v. Moore, 18 Ill. App., 135-141. No such evidence appears in this record.

The judgment of the Circuit Court is affirmed.

*Affirmed.*