## J. A. Mussenden v. John L. Raiffe.

### Gen. No. 13,020.

1. PRINCIPAL AND AGENT—*what does not operate as election to proceed against one where both are liable.* No conclusive election results by suing both a principal and an agent and dismissing as to one of them, where the action in which the dismissal is entered does not proceed to judgment.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed February 18, 1907.

JOHN H. HILL, for appellant.

J. J. O'CONNOR, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee recovered judgment in the Circuit Court, on appeal from a judgment of a justice of the peace, for the sum of $100, for commissions claimed by him to be due him as a broker for the sale of certain real property. Appellee testified, in substance, that in May, 1902, appellant listed with him for sale the premises known as 350 Bowen avenue; that he sold the property, and that appellant verbally agreed with him to pay him as commission $100, which, on demand, he refused to pay.

Appellant testified that he never listed the property with appellee for sale, but told McDonald, who, the evidence tends to prove, was appellee's partner, that he wanted to sell the property for $3,500, and McDonald said that a Mrs. Cantway wanted to purchase the property for $3,400 net, and pay a commission of $100; that, subsequently, he met McDonald and told him that he had been informed by a Mr. Bassard that he, McDonald, was still insisting on Mrs. Cantway paying $3,750, and that her husband had sent Bassard to investigate

the conditions, and that she would not pay that amount, and he, witness, told McDonald that he was misrepresenting him and the woman, and he would not stand for that, when McDonald said he would have nothing to do with the property unless he sold it for $3,750; that if he sold it to Mrs. Cantway for $3,400, she would pay him $100, which he would have to divide with others; and that he never saw McDonald after that and never saw Raiffe in connection with the property. It appears from the evidence that appellant was not the owner of the premises in question, but that his daughter, Myrtle E. Mussenden, was the owner, and that the property was sold by her to Mrs. Cantway, and she executed a deed of it.

It was a question of fact, properly submitted to the jury on the evidence, whether appellee performed services for appellant, as he claims, and, also, whether the appellant promised appellee commissions as appellee claims, and, after carefully considering the evidence, we cannot say that the verdict is manifestly against its weight.

It appears from the evidence that all negotiations for the sale of the property were between the appellant and appellee's partner, John McDonald, and that appellee supposed, until after the sale, that appellant was the owner of the property; but about July, 1902, he discovered that Myrtle E. Mussenden, daughter of appellant, was the owner of the property, and appellee and his partner, John McDonald, brought suit before a justice of the peace in the names of John L. Raiffe and John McDonald, as J. L. Raiffe & Co., plaintiffs, against J. A. Mussenden and Myrtle E. Mussenden, defendants, and recovered judgment against them in the justice court for the sum of $100, from which judgment an appeal was taken to the Circuit Court. April 5, 1905, the cause was called for trial in the Circuit Court, when the court, on motion of the attorney for the plaintiffs, entered an order discontinuing the cause as against J. A. Mussenden, and amending all papers

in the cause accordingly. The suit then proceeded against the other defendant, Myrtle E. Mussenden, with the result that the jury found the issues for the plaintiffs and assessed their damages at the sum of $100, and the defendant moved for a new trial. A partial transcript of the proceedings in the cause was put in evidence by appellant, which shows nothing subsequent to the entry of the motion for a new trial, so that, so far as appears from the evidence, no judgment has ever been rendered on the verdict.

John McDonald is dead; when he died the evidence does not disclose, but presumably prior to June 8, 1905, when appellee commenced in his own name, he being the surviving partner of John L. Raiffe & Co., the suit from the judgment in which this appeal is.

The former suit against appellant and his daughter, Myrtle E. Mussenden, was for the same cause of action as the latter suit against appellant only, and when the plaintiffs in the former suit discontinued as to appellant here, they did so with knowledge that Myrtle E. Mussenden was the owner of the premises, and that the appellant, John E. Mussenden, in all negotiations which he may have had with the appellee's firm looking to the sale of, the premises, could have acted only as her agent. Under these circumstances, appellant's counsel contends that the plaintiffs in the former suit, by discontinuing as to appellant, conclusively elected to proceed against Myrtle E. Mussenden only. In support of this contention, counsel cite only one case—Kingsley v. Charlotte Davis, 104 Mass. 178. In that case the court held that when a party having full knowledge of all the facts, elects to hold the agent, he cannot afterwards resort to the.principal; but in that case there was a judgment against.the agent, on which the plaintiff had sued out an execution.

In Mattlage v. Poole, 15 Hun, 556, which appears to have been a well-considered case, the complaint was against both principal and agent, and was dismissed as against the agent. Poole was the agent and O'Don-

Mussenden v. Raiffe.

oghue the principal. The court say: "The question then is, whether it appears he made a binding selection of the principal, O'Donoghue, as his debtor. Had he proceeded to judgment against the latter on the claim, he would be held concluded by his election. (Curtis v. Williamson, 11 Eng. Rep. [Moak's Notes] 149, and Priestly v. Ferrie, there cited.) But will a proceeding at law on the claim, short of judgment, be conclusive of election? This question was considered in the case last cited, and it was there decided that whilst a judgment against principal or agent, even without satisfaction, would constitute a conclusive election, yet that no legal proceeding short of judgment would have that effect," and the court held that no judgment having been entered against O'Donoghue, the principal, the action against Poole, the agent, was not barred.

In Meacham on Agency, p. 529, sec. 699, the author says: "Nor can the mere commencement of an action against the agent, after the discovery of the principal, be deemed conclusive of such election," citing Cobb v. Knapp, 71 N. Y. 348; Raymond v. Proprietors of the Crown, etc., Mills, 2 Metc. 319; Ferry v. Moore, 18 Ill. App. 135, and other cases which support the text.

In Nason v. Cockroft, 3 Duer, 368, there was an agreement between the seller and the purchasers of goods to refer their dispute to arbitrators, and Cockroft, who was a broker who bought from the seller and sold to the purchasers, was not mentioned in the agreement. It was contended that, by operation of law, Cockroft was discharged. The court say: "As it is clear that the mere commencement of a suit against the principal would not discharge the agent, we cannot see why that effect should be given to a submission to an arbitration which had no result." Ib. 369.

In Sessions v. Block, 40 Mo. App. 569, the plaintiff sued both principal and agent, and on the trial was ruled to elect against which he would proceed, and he elected to proceed against the agent, and recovered judgment against him. The agent being insolvent,

he could not collect the judgment, and brought suit against the principal, and the court held that his prosecuting the former suit against the agent to judgment was a conclusive election to hold the agent, and a bar to his suit against the principal. There are other cases to the same effect, but we have been referred to no case in which it was held that when one sues both principal and agent jointly, a dismissal against one of them, without proceeding to judgment against the other, operates as an election to rely solely on the other, against whom no judgment is rendered, nor do we know of any such case.

Appellant's counsel say: "There was evidence produced showing that there had been a former adjudication," referring us to the plaintiff's testimony. The judgment referred to by the plaintiff in his testimony is the judgment of the justice of the peace in the former suit against J. A. Mussenden and Myrtle E. Mussenden jointly for $100, from which an appeal was taken to the Circuit Court, as heretofore stated. Manifestly, that judgment does not affect the question of law herein discussed.

It is objected by appellant's counsel that the court erred in refusing to give two instructions asked by appellant. Each of the instructions was based on the element that there had been an adjudication in the former suit, and as there was no evidence of this, the instructions were properly refused.

We have considered all questions discussed by appellant's counsel, and find no reversible error in the record. Therefore the judgment will be affirmed.

*Affirmed.*