## Auto Parts Company, Defendant in Error, v. Mary A. Roberts, Plaintiff in Error.

### Gen. No. 20,374.

1. APPEAL AND ERROR, § 1414*—*when findings not disturbed.* The Appellate Court will not interfere with the finding of the lower court where there is a conflict in the evidence unless such finding is clearly and manifestly against the weight of evidence.

2. PRINCIPAL AND AGENT, § 180*—*when undisclosed agency established.* Evidence in an action by an automobile supply company against an undisclosed principal to recover for supplies furnished to a company, *held* to sustain a finding that the defendant was an undisclosed principal of the company to which the supplies were sold.

3. ELECTION OF REMEDIES, § 8*—*what does not constitute.* In the absence of full knowledge of all facts, neither the commencement of a suit against an agent, nor the prosecution of the suit to judgment, the judgment remaining unsatisfied, constitutes an election which will operate as a bar to an action against the undisclosed principal.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915.

**Statement by the Court.** This writ of error was sued out to review a judgment of the Municipal Court of Chicago for $247.33 against Mary A. Roberts, plaintiff in error and hereinafter referred to as the defendant, in favor of the Auto Parts Company, defendant in error, and hereinafter designated as the plaintiff. The claim sued on in this case had already been made the basis of a prior suit against one John H. Shea and one Fred F. Roberts, the latter being the husband of the defendant. In the prior suit the case was dismissed as to Shea, and judgment for $247.33 taken against Fred F. Roberts, which judgment was never certified.

The statement of claim sets forth that plaintiff's claim is for merchandise sold the Union Automobile

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCIV 27.

Company, not incorporated; that the said merchandise was delivered and was valued at $247.33; that the defendant was the real principal in said transaction; that she was in actual control of the business operated under the name of the Union Automobile Company, but her interest therein had not been disclosed to the plaintiff.

Defendant in her affidavit of merits denied the allegations in the statement of claim, and further pleaded as a defense to plaintiff's claim, the fact that plaintiff had brought suit for the value of the said merchandise against John H. Shea and Fred F. Roberts, and that in that case plaintiff's statement of claim alleged that the said John H. Shea and Fred F. Roberts were doing business as the Union Automobile Company, and further, that plaintiff in that suit recovered judgment against the said Fred F. Roberts for the value of the said goods and merchandise, which suit and judgment constituted a bar to the present action.

On behalf of the plaintiff, John H. Shea testified that in 1909 he entered the employ of the defendant and her husband; that this employment was in connection with the undertaking establishment operated either by the defendant or her husband, or both; that in February, 1910, in a conversation in which both the defendant and her husband participated, the said Shea was asked to become the nominal proprietor of an automobile business to be operated under the name of Union Automobile Company, and that he was to hold himself out as the manager of the said company; that thereafter he did hold himself out as the proprietor and manager of the said Union Automobile Company; that the Union Automobile Company used the following form of letter head:

"J. H. Shea,
Proprietor and Manager
Telephone
Lincoln Three Hundred and Nine.

THE UNION AUTOMOBILE CO.
Not Incorporated.
1621 Wells Street, Chicago.

AUTOMOBILES
Touring cars, Town cars,
Limousines, Theatre Busses,
Busses, Ambulances and
Hearses.''

That the said automobile business was conducted in connection and as part of the undertaking business; that the automobiles used in connection with the said business, viz., a hearse and an ambulance, were on hand at the time he was asked to hold himself out as manager and proprietor of the automobile company, and that he had not a single dollar invested therein; that on March 29 or 30, 1911, he gave a bill of sale of the automobiles in question to the defendant; that shortly thereafter, defendant in turn gave permission to Fred F. Roberts to use the said machines under a contract of bailment; that defendant stated this arrangement was entered into so that no bills due in connection with the said business could be collected against him (Shea) or against Fred F. Roberts; that both defendant and Fred F. Roberts asked him to purchase of plaintiff certain material and supplies to be used in connection with the said automobiles; that thereafter he purchased the said material and supplies from the plaintiff, making out the orders therefor upon the letter heads of the said Union Automobile Company; that the material and supplies bought were used on the automobiles for which he had given a bill of sale to the defendant.

There was further evidence that some of these orders were in the handwriting of Fred F. Roberts and others bore the name of R. R. Roberts, son of the defendant. The vice-president of the plaintiff testified that he saw part of this material on the hearse and ambulance in question.

Defendant testified that she paid $1,000 for the automobiles that Shea transferred to her. Of this $1,000, $500 was given to Shea with the understanding that he would pay the bill of the White Company for certain repairs; and the other $500 was given to one Binder for work which he had done on these cars. Defendant further stated that these cars were turned over to her husband about April 1, 1911, who had the use of them from that time until September, when she took charge of the business. The contract of bailment dated April 1st, from defendant to her husband, was admitted in evidence. Under this contract her husband agreed to pay her $20 per month for the use of the automobiles in question.

Defendant denied that she had had the conversations with Shea, as testified to by him, in the presence of her husband, in January or February. She further denied having told Shea to purchase goods from plaintiff and disclaimed any knowledge that goods were ever purchased from the plaintiff.

Defendant further offered the testimony of her husband, Fred F. Roberts, who also denied having had the conversations Shea testified to. He testified that the business of the Union Automobile Company was separate from that of the undertaking establishment, and that the said Shea did operate the said Union Automobile Company; that other cars were in use as well as the ambulance and hearse; that the supplies which are the subject-matter of this suit were not used on said ambulance and hearse. He further testified that while he was not certain that any of the orders for materials purchased were in his handwriting, he thought that some of them were in the handwriting of his son.

Luther W. Roberts, son of the defendant, testified that certain material purchased at the time he was present was not used in connection with the cars transferred by Shea to the defendant.

Defendant further offered in evidence the files in

the case of *Auto Parts Company v. Frederick F. Roberts and John H. Shea*, No. 321,818, in the Municipal Court of Chicago, in which the statement of claim showed that the plaintiff had previously brought suit for the same material against John H. Shea and Frederick F. Roberts, and that in said statement of claim plaintiff alleged that Frederick F. Roberts was the undisclosed principal, who did business under the name and style of Union Automobile Company. Affidavits of merits in that case were filed by both defendants, denying the purchase of the goods set forth in the statement of claim. In that case plaintiff dismissed as to Shea, and upon trial by the court, judgment was entered against Frederick F. Roberts in the sum of $247.33.

Defendant also placed upon the stand the attorney for the plaintiff, and endeavored to show that at the trial of the case against Shea and Roberts, Shea had testified to the same effect as in the case at bar. The questions and the offer by which defendant endeavored to show this fact were objected to and objection sustained. On this state of the record the court entered the judgment complained of.

CHARLES C. SPENCER, for plaintiff in error.

JOHN A. SWANSON, for defendant in error; ERNEST C. RENIFF, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

Counsel for defendant, in his brief and argument to reverse said judgment, contends:

(1) "The merchandise in question was sold and delivered by the plaintiff to the Union Automobile Company, and there being no evidence to connect the defendant with the Union Automobile Company, there can be no recovery against her.

(2) "Even though Mrs. Roberts, the defendant,

might have been originally responsible for the price of the goods, the bringing and prosecuting to judgment of the suit against Fred F. Roberts was a bar to a suit against her.''

Defendant, in urging the first contention, maintains that the uncontradicted evidence shows that the said Shea was the owner and proprietor of the business operated under the name of the Union Automobile Company; and further, that if Shea did not, it was operated on behalf of Fred F. Roberts, but that there is no evidence showing that the defendant had anything to do with the conduct of the said business. However, as we read the evidence in the case, we cannot concur in that contention. While it is true that the statements of Shea are all denied by both defendant and Fred F. Roberts, yet there are circumstances in evidence which the court, trying the case without a jury, had the right to consider in coming to a conclusion as to where the preponderance was on the issue, whether or not defendant was the undisclosed principal in control of the Union Automobile Company. There is evidence tending to show that the main assets of the Union Automobile Company were the hearse and the ambulance. The statement that Shea never invested a dollar in the purchase of these automobiles is not contradicted. Then there is the fact in evidence that there was a bill of sale on March 29th from Shea to the defendant, of these two automobiles. She claims to have paid $1,000 to Shea in consideration of the transfer, yet the evidence shows that not a dollar of that money ever reached Shea; on the contrary, the evidence shows that the $500 he received was paid to him on condition that he pay the bill of the White Company for the repairs to these automobiles; the other $500 was paid directly to some one else for other repairs. There is also the bailment from defendant to her husband, whereby, for a consideration of $20 per

month, Fred F. Roberts has the use of these automobiles. Furthermore, this contract of bailment provides that it may be terminated upon one day's notice, and it contains no provision as to who shall pay the repairs on these cars while being used. The court may well have regarded with suspicion a contract which provided for so small a consideration for the use of these automobiles, and the fact that it might be terminated on one day's notice. There is also in evidence the fact that in September defendant took actual charge of the business and with it the control of the automobiles in question; furthermore, there is the direct evidence that the defendant herself participated in the request to have the material sued for purchased by Shea from the plaintiff; and there is the further evidence that this material was used on the automobiles in question.

Defendant relies upon the further contention that the business of the Union Automobile Company was distinct and separate from that of the undertaking business, and that defendant's connection with these automobiles arises out of the undertaking establishment and not out of the automobile business. As we read the evidence, defendant endeavors to make a distinction without a difference, and, in our opinion, the court could properly regard the business of the Union Automobile Company and the undertaking establishment as but one. The fact that letter heads were used wherein Shea was held out as the proprietor was but a circumstance which, in the light of the other evidence in the case, does not lend force to the contention of the defendant. It is true, the plaintiff did sue Shea and Roberts upon the theory that Roberts was the undisclosed principal; but from the evidence offered in the case at the trial, the court could properly conclude that plaintiff was in error and that defendant was the undisclosed principal in control of the business conducted under the name of Union Automobile Company

and the owner of the chief assets of said business, namely, the automobiles in question.

The rule of law is well settled that this court will not interfere with the finding of the lower court where there is a conflict in the evidence, unless such finding is clearly and manifestly against the weight of the evidence. The court, sitting without a jury, saw these witnesses, had the opportunity of observing their demeanor while upon the stand, and was in a much better position to judge as to the credibility of the witnesses than this court. *Hess v. Killebrew*, 209 Ill. 193, and cases therein cited. We cannot say, after a careful review of the record, that the finding of the court upon the questions in issue was clearly and manifestly against the weight of the evidence.

Defendant then argues her second contention, that even though she may have been originally responsible for the price of the goods, the bringing and prosecuting to judgment of the suit against Fred F. Roberts was a bar to a suit against her. Defendant contends for the principle that holds that where a person deals with an agent as principal and afterwards discovers the undisclosed principal, while, should there be a cause of action, he has the right to sue the undisclosed principal, yet, having elected to sue the agent and prosecuted said suit to judgment, said judgment, even though unsatisfied, would bar a recovery thereafter against the undisclosed principal for the same cause of action. Defendant cites several authorities from foreign jurisdictions to support her contention. However, there is a different angle presented in the case at bar than was presented in the cases cited. In the case against Shea and Roberts, the former of whom might be considered the agent, judgment was obtained against Frederick F. Roberts as the undisclosed principal.

There is no doubt but that the plaintiff, in bringing the action herein pleaded in bar, believed at that time

that Fred F. Roberts was the undisclosed principal in connection with the purchase of the material and supplies in question by the Union Automobile Company. There is no evidence in the present case, however, to show that at the time that suit was begun, the plaintiff had any knowledge of the facts which enabled the court in the present trial to find that the defendant was the undisclosed principal. It is true, defendant endeavored to prove by the attorney for the plaintiff that upon the trial in the former case Shea testified to facts identical with what he testified to in the case at bar, but the questions whereby counsel sought to elicit this evidence were objected to and the objection sustained, after which counsel made an offer that in the former trial Shea had stated that Fred F. Roberts ordered these things, and that defendant had told him to buy them, as he had testified upon the trial in the present case. Our examination of the record shows that both the questions and the offer were not correct in form, and the objection was properly sustained.

In view of the fact that we have held that the court was warranted in finding that defendant was the undisclosed principal in the transaction, the court was even warranted in regarding that in the procuring of this material and the use thereof, not only was Shea the agent, but that Frederick F. Roberts was also the agent of the defendant. The rule of law contended for by defendant,—that a judgment taken against the agent, where the undisclosed principal is known, bars a recovery against the undisclosed principal,—does not apply in this case, because it was only after the judgment was obtained against Fred F. Roberts as undisclosed principal that the plaintiff discovered the facts given in evidence in the case at bar, from which we have already held that the court properly found that defendant was the undisclosed principal. We believe the weight of authority, both in this State and in foreign jurisdictions, holds that the rule of law contended

for by defendant is applicable only where plaintiff has knowledge of all the facts at the time suit is brought and judgment obtained. We are unable to find an Illinois case where an election to sue the agent instead of the principal has gone so far as to proceed to judgment upon a suit; yet there are cases where the bringing of a suit against the agent has been held not a bar to an action against the principal. The Illinois cases hold that, before the commencement of a suit against the agent can be held to operate as an election discharging the principal, "there must be acts indicating an intent, with full knowledge of all the facts, to give sole credit to the agent, and to abandon all claim against the principal." *Ferry v. Moore*, 18 Ill. App. 135; *Laguna Valley Co. v. Fitch*, 121 Ill. App. 607; *Netterstrom v. Peerless Portland Cement Co.*, 133 Ill. App. 579; *Mussenden v. Raiffe*, 131 Ill. App. 456.

In other States it has been expressly held that even though judgment has been obtained, where it remains unsatisfied, it will not bar a subsequent action against the principal, when he is in ignorance of the existence of the principal at the time of taking said judgment. This entire question was the subject of an extended opinion in *Murphy v. Hutchinson*, 93 Miss. 643, 21 L. R. A. (N. S.) 785.

While the exact situation presented in the case at bar has never been determined in our State, we have no hesitancy in saying that the better weight of authority holds that in the absence of full knowledge of all facts, neither the commencement of a suit against the agent, nor the prosecution of a suit to judgment (the judgment remaining unsatisfied) would constitute an election to bar a recovery against the principal. In the case at bar, the evidence fairly tended to show that plaintiff, at the time suit was brought against Shea and Roberts, did not have knowledge of the facts, which this court has held warranted the court below in finding that the defendant was the undisclosed prin-

Buyers Index Pub. Co. v. Triner Scale & Mfg. Co., 194 Ill. App. 427.

cipal. The court therefore properly held that the former suit was not a bar to the present case.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*