Carl Schiffmann Lumber Company, Appellee, v. John Rzepecki and H. L. Mooar, Defendants. Appeal of H. L. Mooar, Appellant.

Gen. No. 41,830.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed July 3, 1942.

NELSON, SLATER & BOODELL, of Chicago, for appellant; DRENNAN J. SLATER, of Chicago, of counsel.

JOHN C. DEWOLFE and JOHN C. DEWOLFE, JR., both of Chicago, for appellee.

Mr. Justice Kiley delivered the opinion of the court.

This is an action to recover the price of lumber plaintiff claimed it sold to the defendants Rzepecki and Mooar. The jury found Rzepecki not guilty and returned a verdict against Mooar for $610.45. Plaintiff remitted $95.26 and judgment for plaintiff was entered for $515.19 and costs. Mooar has appealed.

The parties apparently agree that Rzepecki was the agent of Mooar and that the relationship was disclosed to plaintiff. The vital questions presented are, whether plaintiff extended credit solely to Rzepecki, so as to preclude its recovery from Mooar, and whether the instructions given to the jury were erroneous and prejudicial. The first question was for the jury to decide, if there was any evidence that credit was not extended solely to Rzepecki.

Mooar employed Rzepecki as agent to collect rents and to make repairs on properties of Mooar in order that the rentals therefrom would be increased. Rzepecki's commissions and the cost of the improvements were to be paid out of the rents so far as possible. Prior to February 1938, Rzepecki ordered from plaintiff the lumber involved in this suit. The lumber was delivered in due course and was received either by Rzepecki or a workman, and plaintiff sent the bills in his name to Rzepecki. The latter says that he sent statements of receipts and disbursements monthly to Mooar and forwarded the bills; that when plaintiff communicated with him several times regarding payment, he in turn talked to Mooar who promised to pay when the work was completed; and that Mooar knew the lumber was needed and ordered, and knew it was purchased from plaintiff. Rzepecki says that upon completion of the work, instead of receiving a check for moneys due him and material men, he was discharged by Mooar on July 14, 1938, and that from the rents he was able to pay labor, but nothing on account of lumber.

It appears that Mooar paid for some of the repairs and some of the materials. It is admitted that the lumber was delivered and that most of it was used in Mooar's properties. Part of it only is in dispute as between Rzepecki and Mooar on the question whether it was used for Mooar's benefit. Rzepecki is a real estate broker and not a contractor. Mooar says that he had an agreement with Rzepecki as to what should be done and authorized the making of the repairs; that he knew lumber was being used, did not know where it came from, or whether it was paid for; that he did not know Rzepecki was buying from plaintiff and if plaintiff had told him before he settled with Rzepecki, he would have been glad to pay; and that he had an understanding that Rzepecki would be paid when the work was finished. His testimony would indicate that he received statements and bills from Rzepecki and, accordingly, should have known that plaintiff was furnishing the material. In addition, an employee of Mooar's testified that during the Summer of 1938, she worked upon bills and statements which he gave her; and that plaintiff's bills were among them. Her testimony supports our view that Mooar had knowledge that the lumber was delivered by plaintiff and that the bill was unpaid.

There was evidence that plaintiff knew the lumber was for Mooar's property and knew of the relationship between Rzepecki and Mooar. Rzepecki's name appears on plaintiff's ledger sheets as the customer in the transaction and they show payments by him on the account. Plaintiff's witness testified that Rzepecki bought lumber for various buildings which plaintiff understood he did not own. Rzepecki says he told Wear of the plaintiff company that he was purchasing the lumber for Mooar and not for his own property; that he later made purchases and told Wear the same thing. The presumption in a case of this kind is that in the absence of evidence to the contrary, the agent is

liable only where the principal is undisclosed or where he undertakes in his own name or exceeds his power. *Laguna Valley Co. v. Fitch,* 121 Ill. App. 607, 610. There is no question here as to the manifest weight of the evidence. Many authorities are cited by both parties, and most of those to which we are referred by Mooar are based on the fact that credit was extended solely to the agent and so to apply those authorities here would compel us to assume a fact in issue. The case of *Kusek v. Allied Packers, Inc.,* 246 Ill. App. 209, relied upon by Mooar, is not applicable because the agent there gave his own check in payment of the goods and no agency was proved between him and the defendant sought to be charged. Mooar argues that the evidence discloses that plaintiff's ledger shows Rzepecki as the customer; that the delivery slips for the merchandise were made out to Rzepecki; that the monthly statements were sent to Rzepecki in his name, even after Rzepecki was discharged; that plaintiff never demanded payment from Mooar and that it had filed and prosecuted its suit against Rzepecki; and that these circumstances indicate that plaintiff extended credit solely to Rzepecki and looked to him solely for collection of the account. These facts are not conclusive on the point. *John Spry Lumber Co. v. McMillan,* 77 Ill. App. 280. The important consideration, we believe, is the intention of Rzepecki. There is nothing in the evidence which justifies any inference that he at any time intended to be personally liable for the lumber or that he obtained credit for himself. Credit must be accepted when extended and the evidence plainly shows Rzepecki did not request or accept credit in his own behalf for the lumber delivered. The first question was properly submitted to the jury, because in addition to the presumption, there was evidence that credit was not extended solely to Rzepecki.

Mooar complains of plaintiff's instructions A. B. C. and E. Instruction A told the jury that if a prepon-

derance of the evidence showed Rzepecki was Mooar's agent to repair buildings and bought lumber in the course of his employment and plaintiff sold the lumber to him and delivered it to Mooar's property and Rzepecki did not pay for it, that the jury should then find against Mooar, regardless of whether Mooar's relation as principal was or was not disclosed. This instruction is not erroneous when read together with defendants' instruction E, which told the jury that if it found at the time of sale that plaintiff knew Rzepecki was Mooar's agent and nevertheless extended credit and billed Rzepecki for the lumber, it should find Mooar not guilty. Defendant's instruction E, also aids plaintiff's instruction B which informed the jury that even though a preponderance of the evidence showed that Rzepecki was not authorized by Mooar to purchase the lumber, still if the preponderance of the evidence showed the lumber was delivered to Mooar's property and he permitted it to be used in improving the building and accepted the benefits, that he is responsible. Plaintiff's instructions C and E complained of are statements of the law on undisclosed principal and while it would appear that they should not have been given, plaintiff's evidence of the circumstances of the purchase of the lumber might have given rise to a doubt whether plaintiff knew of Mooar's relationship with Rzepecki, and we believe giving the instructions was not error. We see no inconsistency in the instructions and while one or two of plaintiff's instructions, standing alone, may be inadequate, when read together the instructions given on behalf of both parties appear to have presented the issues in the case fairly.

We have not considered the remaining point with reference to Mooar's claim that he settled in full with Rzepecki before learning of plaintiff's claim. This is a factual question resolved in the jury's verdict against Mooar. The evidence clearly shows that Mooar's contention on this point has no merit.

For the reasons herein given the judgment of the Municipal Court is hereby affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.