P. WILLIAM PROVENCHERE, Assignee of EDWARD B. HULL, Appellant, v. LOUIS REIFESS, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Liability for Indebtedness Contracted by Agent of Undisclosed Principal.**   One who contracts with the agent of an undisclosed principal may hold the agent, or, after the disclosure of the principal, he may hold the latter; but he can not hold both.

2. **Garnishment:** SERVICE ON AGENT OF DEBTOR OF DEFENDANT. There must, in garnishment proceedings, be some privity between the attachment or execution defendant and the garnishee. If one who is indebted to such defendant has delivered his check to his own agent for the purpose of having it carried to the defendant, the garnishment of the agent will not impound the debt.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED (*with directions*).

*P. Wm. Provenchere* for appellant.

There must be some privity between the principal debtor (here Hull) and the garnishee. The garnishment of the agent of one who is a debtor to the principal debtor is futile. *Atwood v. Hale,* 17 Mo. App. 81; *Nener v. O'Fallon,* 18 Mo. 277; Drake on Attachments, sec. 514.

No brief filed for respondent.

ROMBAUER, P. J.—This appeal is prosecuted by the plaintiff from an order of the court awarding the defendant a new trial. There is no substantial conflict in the evidence, and no just exceptions can be taken to the rulings of the court in admitting and rejecting evidence upon the trial of the cause. The motion for new trial was sustained *exclusively* on the ground that the court had erred in its declaration of law.

The facts as developed by the evidence, and presumably found by the court, are as follows: Hull, the plaintiff's assignor, sold certain hogs to one Budweiller, a commission merchant, who in the purchase was acting for the defendant, but who did not disclose the defendant as his principal. It stands uncontroverted, however, that the hogs were bought for the defendant, and that the purchase price was charged to the defendant upon

Hull's books as soon as he found out for whom Bud-weiller was acting, and that this took place as soon as the hogs were weighed and before they were delivered to the defendant, and that Hull ever thereafter treated the defendant as his *sole* debtor. The defendant, in payment of the purchase price, made out a bank check, payable to Hull, by his firm name, and gave such check to Budweiller for delivery to Hull. Before the check was delivered to Hull by Budweiller, the latter was garnished on an attachment writ issued against Hull, and proceedings upon this attachment and garnishment were pending when the cause of action at bar was tried. Hull made a general assignment for the benefit of his creditors to the plaintiff, who demanded the purchase price of the hogs from the defendant by instituting the present action. It was conceded that the check was still in possession of Budweiller. Upon the trial of the cause the court declared the law to be that, if the facts were as hereinabove stated, the plaintiff was entitled to recover, and rendered judgment for the plaintiff. Thereafter the court sustained the defendant's motion for new trial, on the *sole* ground that this declaration of law was erroneous.

Where a person deals with the agent of an undisclosed principal, he may hold the agent, or, after disclosure of the principal, he may hold the principal, but he can not hold both. *Paterson v. Gandasequi*, 3 Smith's Leading Cases, 1634. Hull, on discovering Budweiller's principal, elected to hold him, and, by such election, the defendant alone became Hull's debtor. If the defendant became Hull's debtor, then there is nothing in the evidence tending to show that the defendant ever paid the debt or any part of it, nor are the garnishment proceedings any defense to this action. The delivery by the defendant to Budweiller of a check payable to Hull's order was a delivery to the defendant's

own agent for transmission, and Budweiller did not by that fact become the debtor of Hull. *Ridge v. Olmstead*, 73 Mo. 578. There must be some privity between the principal debtor and the garnishee. The garnishment of an agent of one who is a debtor of the principal debtor is futile. *Atwood v. Hale*, 17 Mo. App. 81.

It results from the foregoing observations that the declaration of law made by the trial court was correct, and that the court erred in granting a new trial based on the incorrectness of that declaration. The judgment granting a new trial will, therefore, be reversed, and the cause remanded to the trial court with directions to overrule the motion for new trial. All the judges concur.