## GEORGE NORTHRUP, Appellant, v. R. T. COLTER, Respondent.

St. Louis Court of Appeals, October 24, 1910.

1. **PRINCIPAL AND AGENT: Liability of Undisclosed Principal.** An undisclosed principal will be held to the obligations lawfully contracted for him by his agent.

2. **EVIDENCE: Joint Undertaking: Action for Contribution: Correspondence of Defendant With Third Person: Hearsay: Facts Stated.** Plaintiff and defendant jointly contracted with the owner of land to sell it on a commission, and subsequently plaintiff and defendant contracted with a printer for advertising matter, exploiting the land which was to be sold at a sale. In an action by plaintiff to recover for defendant's share of the expense of the printed matter, defendant put in evidence his letter to the landowner, in which he proposed to withdraw from the whole matter and not attend the sale, if the landowner would pay him his expenses and for his time while procuring the contract of agency, and also a letter from the owner in reply stating that the owner would be responsible for the sum requested, and also testimony that the owner told plain-

tiff of the contents of the letter from defendant, and that plaintiff instructed the owner to pay the sum requested to eliminate defendant from the contract. *Held,* that the admission of such evidence was error, as it did not tend to show a release of defendant from liability for the printing; that the letters were hearsay as to plaintiff; and that the testimony as to plaintiff's advising the owner to accept the proposition neither tended to prove an admission against interest nor that plaintiff had accepted a proposition to release defendant, which was never made.

3. **CONTRACTS: Offer and Acceptance.** To constitute a contract on the theory of an offer and acceptance, the offer itself must be complete and reasonably definite as to terms; such contracts arising only upon an agreement of minds, so that particular terms other than those which the law implies are not included, unless set forth with reasonable certainty in the offer or its acceptance.

4. ——: ——: **Conduct From Which Offer or Acceptance May be Implied.** Where a proposition sufficiently clear is submitted to another to act upon, and the person to whom it is submitted makes such statement or does such act with respect thereto as would lead an ordinarily prudent person, acting in good faith, to believe that the proposition has been accepted, and the proposer proceeds to the fulfillment of the conditions and terms imposed, a contract may be found from such conduct, notwithstanding the secret intentions of the party claimed to have accepted the proposition.

5. **ESTOPPEL: In Pais: Essential Elements.** There can be no estoppel *in pais* unless it appear that the person in whose favor such estoppel is claimed was misled in some way by the one against whom the estoppel is invoked.

6. ——: ——: ——: **Evidence.** Evidence to establish the essential elements of estoppel by conduct or misrepresentation must be clear, precise, and unequivocal, indicating that the person against whom the estoppel is invoked must have made the representation relied on with full knowledge of the facts, unless his ignorance was the result of negligence.

Appeal from Cape Girardeau Common Pleas Court. —*Hon. Robt. G. Ranney,* Judge.

REVERSED AND REMANDED.

*Benson C. Hardesty* for appellant.

(1) The court erred in admitting in evidence the Colter-Alt correspondence: This correspondence constituted a complete written contract. Brewington v. Mesker, 51 Mo. App. 348; 9 Cyc. 247. Said contract does not cover the subject matter of this suit or pertain to any issue herein. The situation of the parties harmonizes with this interpretation. Hahs v. Railroad, 126 S. W. 527; 9 Cyc. 587. (2) Evidence of respondent having received no commissions for land sales made was incompetent and immaterial, for he had sold his right to those commissions to Alt. The admission of this evidence was prejudicial to appellant and constitutes reversible error. It has no tendency to support the intent which respondent seeks to extract from the contract. Kenney v. Railroad, 70 Mo. l. c. 251; Hipsley v. Railroad, 88 Mo. 354; Bowles v. Kansas City, 51 Mo. App. 421.

*Frank Kelly* for respondent.

(1) What appellant said and did, and what he directed Alt to say and do was competent evidence to show his intention, and if he led respondent to believe that his offer to withdraw from the sale for one hundred and fifty dollars was accepted, appellant is bound by it. Embry v. Dry Goods Co. 127 Mo. App. 383; Grocer Co. v. Canning Co. 129 Mo. App. 325; 9 Cyc. page 245b. (2) Appellant made Alt his agent to communicate to respondent and he is bound by Alt's act, and the letter of Alt in this case. 9 Cyc. 3, p. 387; 31 Cyc. b, p. 1574; Provenchere v. Reifess, 62 Mo. App. 50.

NORTONI, J.—This is a suit in contribution. The finding and judgment were for defendant and plaintiff prosecutes the appeal. The controversy arose through

the payment by plaintiff of an indebtedness owing by him and defendant jointly for printing and advertisements. Defendant, having declined to pay his portion of the indebtedness, plaintiff paid the entire bill and instituted this suit to the end of recovering one-half thereof from defendant.

It appears plaintiff, Northrup, is a real estate agent, residing and doing business at Cape Girardeau, Missouri, and defendant is a real estate agent residing and doing business at Muskogee, Oklahoma. One, G. E. Alt, owned a considerable tract of unimproved lands, amounting to something over 17,000 acres, in southeast Missouri, and employed plaintiff and defendant, real estate agents, jointly, to advertise and sell the same. A written contract was executed between Alt and the two parties to this suit on January 8, 1908, whereby the two real estate agents were authorized to sell the lands mentioned, or portions thereof, at given prices, on or before February 21st of that year. It was stipulated in the contract that the agents should bear all of the expenses pertaining to the sales except that incident to the execution of deeds, and should receive as their commissions for any land sold by them between January 8th and February 21st all sums which might be received therefor over and above a given price.

The evidence tends to prove that immediately upon procuring an agency for the lands, as above indicated, plaintiff and defendant together called upon Naeter Bros., publishers of Cape Girardeau, and contracted for a considerable amount of printed matter and advertisements in numerous daily newspapers for the purpose of exploiting the lands and terms of sale. The indebtedness thus contracted for printing and advertisements amounted to $309.36. It was agreed between plaintiff and defendant that defendant should take a portion of the printed matter and make a trip immediately through the states of Iowa, Minnesota

and Dakota for the purpose of advertising the land and forming connections with real estate agents in those states to the end of disposing of the same. We infer from other facts in proof plaintiff was to remain in Cape Girardeau and look after the local end of the business.

On the evening of the day the parties contracted the account for printing (which was about January 8th), defendant Colter returned to his home at Muskogee and there remained. In other words, he failed to make the proposed trip through the northern states or do anything towards furthering the sale of the lands. Naeter Bros. demanded a payment on their printing bill and plaintiff wrote defendant at Muskogee urging him to send his check for one hundred dollars for the purpose of paying it on the account as the arrangement called for immediate cash payment. Defendant failed to respond with the check requested, and plaintiff afterwards, and before this suit was instituted, paid the entire amount, as was proper.

It appears plaintiff wrote several letters to defendant urging him to action in the matter, both by requesting payment of his portion of the account and urging him to put forward some effort toward effectuating a sale of the lands. A controversy arose between the parties and was conducted by means of an acrimonious correspondence. Letters between the parties in the record indicate that plaintiff was much vexed with defendant's conduct in the matter and that defendant sought to evade his portion of the responsibilities which accrued under their association in the contract with Captain Alt whereby they procured the agency to sell the lands. Through some arrangement, we know not what, for the details are not disclosed by the record, a sale of the land, or a portion thereof, was to be conducted at Cape Girardeau about February 2d, and just before this sale defendant wrote Captain Alt to the effect that if Alt would pay him one hundred

and fifty dollars he would withdraw from the whole matter, as his associate, the plaintiff, seemed to be dissatisfied with his conduct.

The questions for decision relate to the action of the court in permitting this letter to be introduced in evidence and giving an instruction thereon for defendant. As before stated, the present suit is prosecuted by Northrup, one of the real estate agents, against Colter, his associate, for one-half of the amount of the printing bill which the two agents contracted and which Northrup was required to pay. On the trial, the court permitted defendant to read in evidence the letter from defendant to Captain Alt, dated January 31, 1908, by which he proposed to withdraw from the whole matter and not attend the sale if Alt would pay him one hundred and fifty dollars to recoup his expense and pay for his time employed while procuring the contract of agency. In connection with the introduction of this letter from defendant to Captain Alt the court also permitted, over plaintiff's objection and exception, testimony to be introduced tending to prove that Alt told plaintiff Northrup of the contents of the letter and Northrup instructed Alt to pay defendant the one hundred and fifty dollars requested for the purpose of eliminating him from further participation under the contract between Alt and plaintiff and defendant. The court also permitted defendant to introduce in evidence a letter from Captain Alt to defendant in reply to his of January 31st, by which Alt instructed defendant that he would be responsible to him for the amount of one hundred and fifty dollars requested. As we understand the matter, the court permitted the introduction of these letters between defendant and Captain Alt and the introduction of the oral testimony in connection therewith on the theory that it tended to prove a contract whereby plaintiff released defendant from any obligation he had theretofore contracted with respect to the printing matter involved. In this connection, it

is not urged that there was an actual contract between
defendant and plaintiff personally whereby plaintiff
released defendant from his obligation, as nothing
whatever appears in the record tending to show that
defendant had any knowledge his proposition was com-
municated to plaintiff or that plaintiff had even ad-
vised Captain Alt to accept the same and send de-
fendant the one hundred and fifty dollars requested.

The theory advanced by defendant is that the evi-
ence is competent for the purpose of showing plaintiff
was the undisclosed principal of Captain Alt as agent.
There can be no doubt of the proposition that after
the discovery of an undisclosed principal one may hold
such principal to the obligations lawfully contracted
for him by his agent. [Provenchere v. Reifess, 62 Mo.
App. 50.] But after conceding the proposition of law
suggested, it is wholly insufficient to render the proof
mentioned competent for the purpose of showing a
contract with plaintiff, an undisclosed principal,
through Captain Alt as his agent, whereby plaintiff as-
sumed the obligation of defendant to pay one-half of
the expenses incurred in contracting the printing bill,
for, indeed, no such a proposition was made or sug-
gested in the letter to Captain Alt and no such offer
was accepted in Captain Alt's reply thereto. Defend-
ant knew that he and plaintiff together had contracted
an indebtedness with the printer. Defendant made
no proposition to Captain Alt or to his former
associate, plaintiff, through him, to release him from
the obligation owing to the printers or that Alt or
plaintiff should assume the same. The letter which
defendant wrote Captain Alt of date January 31st
contained nothing more than a proposition on the
part of plaintiff to Captain Alt whereby he would
withdraw from the matter entirely and not appear at
the sale if Captain Alt would pay him $150 and he
says, "Otherwise, I will hold you to the contract;"
that is the contract for commissions.    Not a word in

this letter suggests that Captain Alt or anyone else should assume any expense which had been theretofore contracted by plaintiff and defendant together, nor that defendant should be released from past obligations. There can be no doubt that Captain Alt's answer to this letter, which the evidence tends to prove was written after advising with plaintiff, accepts the proposition contained in the letter of defendant, for it informed defendant that Captain Alt would see that he got the $150 within the next two or three days. But to operate a contract on the theory of an offer and acceptance, the offer itself must be complete and reasonably definite as to terms. [Page on contracts, section 27.] It is clear that Captain Alt did not accept a term of the contract, either for himself or his undisclosed principal, if plaintiff were such, which was not suggested in the offer made. Contracts made through offer and acceptance arise only upon an agreement of the minds and this being true, particular terms, other than those which the law implies, are not included, unless set forth with reasonable certainty in the offer or its acceptance    [Page on contracts, section 22.] There was no suggestion in defendant's letter to Captain Alt that the matter should be submitted to plaintiff, and it is clear enough that defendant did not anticipate Captain Alt should assume the indebtedness to the printer, for of this matter nothing appears to indicate Alt knew it was unpaid, and besides defendant did not so much as refer to it in his letter. But it is said contracts are sometimes made by the acts and conduct of one party indicating an acceptance of the proposition of another, and if, by his acts and conduct, he leads the proposer to believe he accepts the proposition under such circumstances as would lead an ordinarily prudent person to so believe, and the proposer acts upon such appearances to his detriment. The rule with respect to contracts of this character savors of the doctrine

of estoppel, and there is no doubt that in proper circumstances it may be invoked even though the party so accepting the proposition entertained a secret intention to the contrary. In other words, where a proposition sufficiently clear is submitted to another to act upon and the person to whom the proposition is submitted makes such statements or does such acts with respect thereto as are sufficient to lead an ordinarily prudent person acting in good faith to believe that the proposition has been accepted, and the proposer proceeds to the fulfillment of the conditions and terms imposed, a jury may find a contract from such conduct, notwithstanding the secret intentions of the party so alleged to have accepted the proposition. The doctrine proceeds in accord with the principles of natural justice and, as before said, is akin to an estoppel *in pais*. For an instructive discussion of the whole subject, see Embry v. Hargadine McKittrick D. G. Co., 127 Mo. App. 383, 105 S. W. 777; Brewington v. Mesker, 51 Mo. App. 348. But the doctrine invoked is insufficent to render the question presented one for the jury in the instant case, for here defendant omitted to submit a proposition to either Captain Alt or his alleged undisclosed principal, this plaintiff, that they, or either of them, should assume the payment of his portion of the obligation for printing. Even in those cases where the jury may find an acceptance of a proposition from the acts and conduct of a party, notwithstanding his secret intention, the proposition itself must be reasonably certain and definite as the basis of the contract. In other words, in no case is a jury authorized to find one has accepted a proposition imposing a term of a contract that is not even suggested in the offer.

The court erred in permitting to be read in evidence the letter from defendant to Captain Alt together with the letter from Captain Alt to defendant and erred in receiving the oral testimony tending to show plaintiff advised Captain Alt to accept the

offer.   The two letters were violative of the rule against hearsay in so far as this plaintiff is concerned and the oral testimony as to plaintiff's advising Captain Alt to accept the proposition neither tended to prove an admission against interest nor that he had accepted a proposition which was never made.

At the instance of defendant, the court instructed as follows:

"The court instructs the jury that if you believe and find from the evidence in the case that the plaintiff, George Northrup, and the defendant, R. T. Colter, entered into a contract with Mr. Alt to sell his land on a commission, and that the plaintiff and defendant were to share the profits and bear the expense equal, and that before the sale of the lands were to take place the defendant, Colter, wrote a letter to Mr. Alt stating that a difference had arisen between him and Northrup, and that he would withdraw if he were paid $150, and that Mr. Alt communicated the substance of the letter to Mr. Northrup, and that Northrup told Mr. Alt to tell Colter that he, Northrup, or both Northrup and Alt, would send him the sum asked, and that Mr. Alt did write to Colter that the sum would be sent as asked, then if you believe and find from all the evidence in the case that Mr. Colter had reasonable cause to believe from the acts (and instructions) of Mr. Northrup that he, Colter, was to withdraw from the deal with the consent of Northrup, and that he, Northrup, was to conduct the sale, pay the expense and take the profits, so far as Colter was concerned, then the plaintiff cannot recover, and your verdict will be for the defendant."

This instruction proceeds on the same theory that the evidence above mentioned was received and submits the question therein involved to the jury. It is an erroneous declaration of the law of the case for it directs a finding for defendant in the event the facts

therein are found to be true, on the theory of an estoppel *in pais*. The essential elements of an estoppel *in pais* are absent, for the evidence wholly fails to reveal them. The theory of the instruction is that if plaintiff Northrup instructed Captain Alt to accept defendant's proposition to pay him one hundred and fifty dollars to withdraw and not attend the sale of the lands and defendant did withdraw and remain away from the sale for that reason, and thus forfeited his commission, plaintiff is thereby estopped from claiming a contribution for one-half of the printers' bill which had been contracted several weeks before. The rule is universal to the effect that evidence to establish the essential elements of estoppel by conduct or misrepresentation must be clear, precise, and unequivocal. [11 Am. and Eng. Ency. Law (2 Ed.), 424.] Such evidence must indicate that the party against whom the estoppel is invoked must have made the representation relied on to sustain the estoppel with full knowledge of the fact unless his ignorance was the result of negligence. [11 Am. and Eng. Ency. Law (2 Ed.), 433.] Therefore, before an estoppel may be invoked against plaintiff Northrup as having influenced Captain Alt to pay defendant one hundred and fifty dollars to withdraw and prevent his attending the sale, it must appear plaintiff had some knowledge tending to induce a reasonable belief at least that defendant's proposition suggested information that plaintiff should assume the payment of defendant's portion of the printing bill. No such fact or suggestion was communicated by defendant to either Captain Alt or plaintiff and one essential element of estoppel invoked in the instruction is absent, for there could be no estoppel *in pais* unless it appears the party in whose favor it is said the estoppel arises was misled in some way by the one against whom the estoppel is invoked. [Newman v. Hook, 37 Mo. 207; 11 Am. and Eng. Ency. Law (2 Ed.), 424, et seq.]

How this plaintiff may be estopped by accepting defendant's proposition, conceding Captain Alt to be his agent for that purpose, we are unable to perceive, when the evidence fails to show that the matter about which the estoppel is invoked was even suggested in the proposition submitted. The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.