FREDERICK SESSIONS, Appellant, v. DAVID BLOCK et al., Respondents.

St. Louis Court of Appeals, April 15, 1890.

Principal and Agent: ELECTION OF REMEDY. A person who enters into a contract with the agent of an undisclosed principal may, after the disclosure of the principal, proceed against either the principal or the agent under the contract, but not against both; and, if after such disclosure, he proceeds against one, though

unsuccessfully, he cannot thereafter proceed against the other. *Held*, accordingly, that recovery of judgment against the agent in a suit instituted after the disclosure of the principal, though the plaintiff was unable to collect it, was a bar to a subsequent suit against the principal.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*J. R. Myers*, for the appellant.

(1) An agent and his undisclosed principal are each severally and equally liable. (2) Before a party can be held to have made an election, he must know all the facts, and with freedom of choice elect to charge the agent or principal, or by his acts and conduct lead the principal to think he is not looked to for payment, and, acting under such belief, change the status of his accounts with the agent. (3) A judgment against an agent without satisfaction is no bar to an action against the principal. (4) The defendants (principals) were dismissed at the trial, hence the judgment is between different parties, and no bar to this action. Meacham on Agency, sec. 699 ; Story on Agency, secs. 295, 449 ; *Ketchum v. Verdell*, 42 Ga. 538 ; *Beymer v. Bonsall*, 72 Pa. St. 298 ; *Middleton v. Railroad*, 62 Mo. 579.

*John D. Davis* and *Albert Arnstein*, for respondents.

The doctrine of election between remedies is generally applied in cases where a party deals with the agent of an undisclosed principal and gives credit to the agent as a principal. He is at liberty, on discovering the principal, to elect either to hold the agent or the principal ; but he cannot hold both. Pollock on Contracts [4 Ed.] p. 102 ; Addison on Contracts [8 Ed.] p. 46 ; *Ames, etc., Co. v. Tucker*, 8 Mo. App. 95 ; *Schepflin v. Dessar*, 20 Mo. App 573 ; *Addison v. Gandasequi*, 3 Smith's Lead. Cas. [9 Ed. ] pp. 1634, 1641 ; *Jones v.*

*Ins Co.*, 14 Conn. 501–508.; *French v. Price*, 24 Pick. 13–22 ; *Violet v. Powell's Adm'r*, 10 B. Mon. 347 ; *Hyde v. Paige*, 9 Barb. 150. The creditor has an election to sue either the agent or the principal ; but he cannot, after he has sued the one to judgment, maintain another action against the other. *Priestly v. Fernie*, 34 L. J. Ex. ( N. S.) 172; Pollock on Contracts [ 4 Ed.] p. 102; Addison on Contracts [ 8 Ed.] bottom p. 88, star p. 46 ; Smith's Leading Cases [ 9 Ed.] note, p. 1659 ; *Kingley v. Davis*, 104 Mass. 177 ; *Raymond v. Crown, etc., Mills*, 2 Metc.. 319 ; *Silver v. Jordan*, 136 Mass. 319.; *Kendall v. Hamilton*, 4 App. Cas. 504–514 ; *Scarf v. Jardine*, 7 App. Cas. 345 ; *Tuthill v. Wilson*, 90 N. Y. 423–428.

THOMPSON, J., delivered the opinion of the court.

The court sustained a demurrer to the plaintiff's second amended petition, and he appeals to this court. The essential facts are that the plaintiff did work for the agent of an undisclosed principal ; that, after discovering the principal, the plaintiff brought an action against both the agent and the principal ; that, at the trial of this action, the court required him to elect whether he would proceed against the agent or the principal, and he thereupon elected to proceed against the agent ; that a judgment was thereupon rendered in his favor against the agent ; that he cannot collect his judgment by reason of the fact that the agent is insolvent ; and that he, therefore, brings this action against the principal.

We think that this demurrer was rightly sustained. The governing principle is, that a party who enters into a contract with the agent of an undisclosed principal, may, after the principal has been disclosed, proceed either against the agent or against the principal ; but he cannot proceed against both, and if he proceeds against one, although unsuccessfully, he cannot thereafter proceed against the other. *Priestly v. Fernie*, 34

L. J. (Ex.) 172; *Kendall v. Hamilton*, 4 App. Cas. 514; *Kingley v. Davis*, 104 Mass. 179. Thus, if after the principal has been disclosed to him, he accepts in settlement the note of the agent, he thereby discharges the principal. *Paige v. Stone*, 10 Met. (Mass.) 160; s. c., 43 Am. Dec. 420; *Henry Ames, etc., Co. v. Tucker*, 8 Mo. App. 95; *Schepflin v. Dessar*, 20 Mo. App. 569. It is of course immaterial in what way the creditor makes his election, whether by taking the note of the agent or by suing the agent and recovering judgment. If he makes his election after knowledge of the liability of the principal, he must stand by it. "If he sues the agent and recovers judgment he cannot afterwards sue the principal, even though the judgment does not result in the satisfaction of the debt." Lord CAIRNS, L. C., in *Kendall v. Hamilton, supra*. The reason of the rule was well stated by the same eminent judge: "If an action were brought and judgment recovered against the agent, he, the agent, would have a right of action for indemnity against his principal; while, if the principal were liable also to be sued, he would be vexed with a double action." *Kendall v. Hamilton, supra*.

The rule thus appears to be not only well settled, but also to be founded on sound reasons. It is in no way disturbed, or even questioned, in this state by the decision in *Middleton v. Railroad*, 62 Mo. 579, as appellant's counsel seem to suppose.

It is, of course, unfortunate that the plaintiff should lose his debt; but we cannot change the law to enable him to save it. His action against the agent and the principal jointly was unadvisably brought, and when the court put him to his election whether to proceed to judgment against the agent or the principal, if he was not prepared to elect for want of proper information as to the solvency of the parties, he should have taken a nonsuit.

We must affirm the judgment. It is so ordered. All the judges concur.