(166 App. Div. 552)

O'GRADY v. HOWE & ROGERS CO. et al.    (No. 47–15.)

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

1. CONTRACTS ☞186—CONTRACTS UNDER SEAL—ACTIONS—PARTIES.

Only the parties named in a contract under seal, and who actually sign it, can sue or be sued thereon.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. ☞186.]

2. PRINCIPAL AND AGENT ☞145—UNDISCLOSED PRINCIPAL—OPTION CONTRACT.

An option contract under seal gave a party thereto the right to purchase real estate within 60 days on terms specified. The party accepted the option by a writing, not under seal, as agent for another and paid a part of the price. The acceptance did not show that the party acted as agent. Held, that the acceptance, and not the sealed option, formed the agreement to purchase so that it became a simple contract, so that the vendor could hold an undisclosed principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520; Dec. Dig. ☞145.]

3. CORPORATIONS ☞426—ACTS OF AGENT—RATIFICATION.

The directors of a corporation adopted a resolution authorizing its vice president and secretary and treasurer to negotiate for the purchase of described premises not including an owner's premises adjacent thereto,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

but the purchase thereof was contemplated by the secretary and treasurer, who began negotiations with a third person as agent to purchase the premises. The agent procured an option to purchase, and both he and the secretary and treasurer understood that the option was for the benefit of the corporation. The vice president was apprised of what was being done, and a partial payment of the price on the acceptance of the option was made by check of the corporation entered on its books. The president, who was absent, was advised of what had been done on his return. The proposed deed from the owner, and the abstracts of title were delivered to the agent, who delivered them to the secretary and treasurer, who placed them in the hands of the corporation's attorneys. *Held* to justify a finding of ratification by the corporation of the unauthorized contract for the purchase of the property.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. ☞426.]

4. CORPORATIONS ☞426 — UNAUTHORIZED ACTS OF AGENTS — RATIFICATION — ACTS CONSTITUTING.

A corporation may ratify acts not previously authorized by it, and may ratify acts of an agent in excess of his authority, and ratification may be inferred from an informal acquiescence in and approval of the acts.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. ☞426.]

5. PRINCIPAL AND AGENT ☞146, 197—ACTION AGAINST PRINCIPAL AND AGENT—LIABILITY OF AGENT.

Where, in an action for specific performance of a contract to convey real estate, it appeared that defendant was agent of codefendant in the purchase, codefendant was the principal debtor, and defendant's liability was subsequent only, and a judgment for plaintiff should so declare.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527, 733, 734; Dec. Dig. ☞146, 197.]

6. PRINCIPAL AND AGENT ☞145—ACTIONS AGAINST AGENT AND PRINCIPAL—ELECTION—WAIVER.

Where plaintiff, suing an agent and his undisclosed principal, obtained judgment on his motion against the agent at the opening of the trial, the principal could insist that plaintiff had made an election to hold the agent only; but where no motion of dismissal as against the principal was made, nor any request made that the court should so hold, the point was waived.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 449, 513–520; Dec. Dig. ☞145.]

Appeal from Trial Term, Monroe County.

Action by James M. E. O'Grady, executor of Maria Whitelocke, deceased, against the Howe & Rogers Company and another. From a judgment for plaintiff, defendants separately appeal. Modified and affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

John Desmond, of Rochester (Francis S. Macomber, of Rochester, of counsel), for appellant Howe & Rogers Co.

John S. Bronk, of Rochester (Hale & Bronk, of Rochester, of counsel), for appellant Thoms.

Eugene J. Dwyer, of Rochester (Frederick P. Kimball, of Rochester, of counsel), for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROBSON, J. The action is by a vendor to obtain specific performance of a contract to convey real estate. Leaving out of view for the moment the alleged liability of the defendant Howe & Rogers Company as a vendee, there is no question that a valid contract in writing for the sale and purchase of real estate was established between the plaintiff as vendor and defendant Thoms as vendee. The completed contract is made by two papers. The first is in terms between plaintiff as party of the first part and Thoms as party of the second part thereto It was executed in duplicate, one of which duplicates was retained by the plaintiff and the other delivered to Thoms. They differ only in the fact that plaintiff's copy does not bear an executed certificate of acknowledgment. The effect of this agreement was to give to Thoms an option to purchase the premises described therein on the terms and in the manner therein specified, "provided," as the contract states, "the said party of the second part shall accept the terms of this contract within sixty (60) days from the date hereof, said party of the first part to furnish a full and complete transcript or abstract of title certified by the county clerk, also to pay C. M. Thoms two and one half (2½) per cent. commission, which he is authorized to deduct from the amount of said purchase price." The option agreement bears date January 11, 1913, and under date of February 17, 1913, Thoms in writing, signed by him, delivered to plaintiff an acceptance of the option, and on the same date, as stated in the acceptance, paid to the former $1,000 to apply on the purchase price. Contemporaneously therewith plaintiff gave Thoms a receipt in due form, acknowledging the receipt of the acceptance of the option and of the $1,000 to apply on the purchase price. It appears that of this sum of $1,000 plaintiff actually received but $250 in cash; the remaining sum being retained by Thoms under the provisions of the agreement above referred to as his allowance on the purchase price, provided he should accept the option. Plaintiff alleges in his complaint, and the court has found that he established on the trial, that, while the purchase agreement was made in the name of Thoms, he was in fact acting therein as agent for the defendant Howe & Rogers Company.

[1, 2] The first objection raised by appellant Howe & Rogers Company is pointed to the initial proposition that the contract is under seal, and that therefore, even though Thoms was in fact acting as the agent of Howe & Rogers Company, under the established law announced in many decisions, no person, save the parties named in the contract and who actually signed it, can sue or be sued thereon. This statement of the law is unimpeachable, and was reasserted in the recent case entitled Case v. Case, 203 N. Y. 263, 96 N. E. 440, Ann. Cas. 1913B, 311. But it seems to me that the contract, which plaintiff seeks to enforce in this action, is not under seal. True, the preliminary option agreement is under seal. But that agreement, standing by itself, gave neither party a right to enforce it as a contract to sell the land. No obligation to accept the option rested on Thoms. Something more must be done by him before any contract of sale came into being. That was an acceptance of the option by Thoms within the period of the option. This he did by the written acceptance above ad

verted to; but this acceptance was not under seal. It would seem to follow that the rule of law above stated cannot apply to prevent proof of the fact for whom Thoms was acting in accepting the option. It is the acceptance, and not the sealed option, that must be considered in determining whether Thoms' agreement to purchase was a contract under seal.

[3] But it is claimed by appellant Howe & Rogers Company that the proof was not sufficient to warrant the finding that Thoms in making the contract was acting as agent for the former. It is quite true that the proof was perhaps insufficient to warrant the finding of an original employment of him by the company to act as its agent to make the purchase. But the evidence is ample to sustain the finding that his acts as its agent in making the purchase were subsequently ratified by the company. In order to understand the transactions out of which the matters now in controversy arose, it is advisable to refer to the circumstances preceding the making of the contract. Howe & Rogers Company apparently contemplated the purchase of premises on the southwest corner of Clinton avenue South and a street entering Clinton avenue from the west, known as Johnson Park and the subsequent erection of a building thereon. At a special meeting of the directors of the company, held February 6, 1913, certain resolutions were adopted by which two of their number, How and Connors were authorized to negotiate for the purchase of certain premises which are designated in the resolution. These properties abutted either on Clinton avenue, or Johnson Park, or both. Plaintiff's premises are not, however, designated in the resolution; but they lie directly west of and adjoining the tract made up of the designated properties, and extend west to Stone street, which is a street running north and south parallel with Clinton avenue. If all of the properties above referred to were purchased by the Howe & Rogers Company, it would then own land extending from Clinton avenue on the east to Stone street on the west. This purchase seems at least to have been at that time contemplated by Connors, who was the secretary and treasurer of the defendant company. All the negotiations between Thoms and defendant company with reference to the purchase of plaintiff's land were had by Connors. But both Thoms and Connors understood that Thoms, in procuring and in accepting the option to purchase the land, was acting for the company. Connors directed Thoms to accept the option, and gave Thoms the check of the defendant Howe & Rogers Company for $1,000, with which the latter made the payment on the purchase price at the time he accepted the option. Howe, the vice president of the defendant company, was consulted by Connors and was kept apprised of what had been done. The payment of the $1,000 upon the purchase price of the premises was duly entered in the books of account of the company, and down to the time of the trial the account was carried on its books as an account relating to these premises. Rogers, the company's president, was absent from the state at the time the contract was made; but he seems to have been advised of what had been done on his return as early as the May following. The proposed deed from plaintiff and the re-

quired abstracts of title were delivered by plaintiff to Thoms, who immediately delivered them to Connors. Thence they passed into the hands of the company's attorney, apparently for examination; and the attorneys for this defendant produced them on the trial.

[4] No definite attempt seems to have been made either to return the papers before or after the action was brought, nor to distinctly disavow the company's liability as principal in the contract till after action on the contract was begun. I think, under all the circumstances, a ratification of Connors' acts, even if he was not originally authorized to bind the company in employing Thoms as an agent to buy the property in question for it, was well warranted by the evidence. That a corporation may ratify acts, not previously authorized by it, of one assuming to act as its agent, cannot be doubted. As was said in Hoyt v. Thompson's Executors, 19 N. Y. 207, 218;

"A corporation may, like an individual, ratify the acts of its agents done in excess of their authority, and such ratification may, in many cases, be inferred from an informal acquiescence in and approval of those acts."

It should also be noted that neither the company's president, Rogers, nor its vice president, Howe, was produced as a witness to deny, or even minimize the effect of, his knowledge of these transactions tending to show a ratification of the acts of Connors as the agent of the company in reference to this purchase. I think there can be little doubt that the findings of ratification was fully supported by the evidence.

[5] The judgment, however, should be modified in one particular, as claimed by appellant Thoms. If Thoms was the agent of defendant company, then the latter would be the principal debtor, and Thoms' liability would be second and subsequent only. The judgment should therefore be modified, so as to provide that in case of a deficiency on the sale thereby directed no execution shall issue therefor against the defendant Thoms until the return of an execution therefor against the defendant Howe & Rogers Company, unsatisfied in whole or in part. This modification may be made by adding, after the words "that the plaintiff have judgment against the defendants for such deficiency and have execution therefor," the words "except that no execution therefor shall issue against the defendant Thoms until the return of an execution therefor against the defendant Howe & Rogers Company unsatisfied in whole or in part."

[6] Doubtless, when plaintiff's motion for judgment on the pleadings against defendant Thoms was granted by the trial court at the opening of the trial, the defendant Howe & Rogers Company could then have insisted that plaintiff had made an election binding upon him to hold the agent only; and a motion for dismissal of the complaint as against the remaining defendant, if made, must have been granted. But no such motion was made, either then or thereafter, and no request made that the court so hold. I think we must hold that the point was waived.

The judgment, modified as hereinbefore stated, should be affirmed, with costs against the appellant Howe & Rogers Company. All concur.