CENTRAL LUMBER & MANUFACTURING COMPANY, Respondent, v. REYBURN-LAIRD REAL ESTATE, BUILDING & CONSTRUCTION COMPANY, ROSCOE REYBURN, FRANK W. BAKER, S. C. CHASE, JAMES B. WELSH, WESTERN CITIES INVESTMENT COMPANY and H. H. McCLUER, Appellants.

Kansas City Court of Appeals, April 5, 1915.

1. **MECHANIC'S LIENS: Pleading: Misjoinder of Parties.** The misjoinder of parties plaintiff or defendant in an action must be raised by demurrer under Sec. 1800, R. S. 1909, and where the facts showing the misjoinder appear on the face of the petition, and a demurrer is not filed, the objection will be deemed to have been waived by answer.

2. **PRINCIPAL AND AGENT: Joint Liability.** The agent and his undisclosed principal cannot be held jointly liable, but they can be sued separately although not to judgment against both, for a judgment obtained against one, although unsatisfied, is a bar to an action against the other.

3. **———: Contracts.** A party who enters into a contract with the agent of an undisclosed principal may, after the principal has been disclosed, proceed against either the agent or against the principal, but he cannot proceed against both, and if he proceeds against one, although unsuccessfully, he cannot thereafter proceed against the other.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

AFFIRMED.

*H. M. McCluer* and *T. A. Witten* for appellants.

*John G. Paxton* and *Park & Brown* for respondent.

JOHNSON, J.—In a written contract signed by plaintiff and the defendant Reyburn-Laird Real Estate and Construction Company, a corporation, plaintiff agreed "to furnish mill material as per list furnished us by you for house located on lot number seven, block 12, Wornall homestead for the sum of $566.50," and the Construction Company agreed to pay eighty per cent. of the purchase price of the material delivered by plaintiff during each month, on the first day of the following month, "all to be paid within thirty days after delivery is completed." Plaintiff alleges that, pursuant to this contract, it made deliveries of materials of the total value of $292.35, which were used in the building and then, failing to receive payment as agreed, refused to furnish the remainder of the millwork.

Plaintiff brought this suit to recover personal judgment against the Construction Company, Roscoe Reyburn and Frank W. Baker for the material furnished under the contract and to have the judgment enforced as a mechanic's lien against the property for the improvement of which the material was furnished. Other parties were joined as defendants but their interests were in the property sought to be charged with the lien and personal judgment against them was not prayed.

A trial of the issues raised by the pleadings ended in a judgment for plaintiff against the Construction Company, Reyburn and Baker for the full amount of the pleaded demand and against plaintiff for the enforcement of the judgment as a mechanic's lien. Separate motions for a new trial were filed by the losing defendants and overruled by the court, whereupon defendants appealed. The principal question for our decision is whether or not the petition and evidence dis-

close a cause of action entitling plaintiff to a personal judgment against the Construction Company, Reyburn and Baker.

The position of plaintiff is that while the material was sold and delivered under a contract signed only by the Construction Company, Reyburn and Baker were the real vendees and became liable as undisclosed principals for the payment of the debt thus created by the company as their agent. The contention of defendants is that the evidence most favorable to plaintiff affords no support for the view that the company should be held to have entered into the contract and received the material as the agent of undisclosed principals and that if it did, plaintiff should not have been allowed to go to the jury, since its petition alleges a cause as upon a joint liability of the defendants—the agent and undisclosed principals—while no such liability can exist under the principles and rules of the law of agency. Defendants argue: ''The contract was either that of the company or the individuals. If it was made in the name of the company for the benefit of the individuals without the fact being known, the company could be held liable, as it made the contract, or, if the fact that it was made for the benefit of the individuals became known to the respondent, they could be held liable as the real parties in interest, but the respondent could not hold both liable. When respondent learned the facts charged, it could hold either, but was required to elect as to which it would proceed against, and an election to hold one would amount to a release of the other. Election must be made before suit. Suit cannot be instituted and prosecuted to judgment against both.''

If defendants are right in saying that one who contracted with the agent of an undisclosed principal is put to his election on the discovery of that fact to pursue either the agent or the principal as his debtor, and will not be allowed to recover against both, it does not follow that the petition should be held fatally defective

for the reason that it seeks to hold both agent and undisclosed principals liable for the debt created in the name of the former.

The petition stated the facts which disclosed the nature of the cause of action inuring to plaintiff from the delivery of the material under contract with the agent. The real position of defendants is that there was a misjoinder of parties defendant. Unquestionably a good cause of action was stated against either the agent or the undisclosed principals, and if it could be prosecuted only against one or the other and not against both, plaintiff might have been put to its election by demurrer to the petition. Defendants did not demur but answered to the merits and did not plead a misjoinder. Under our Code of Civil Procedure, the objection that there is a misjoinder of parties plaintiff or defendant must be raised by demurrer where the facts showing the misjoinder appear, as in the instant case, on the face of the petition, and will be deemed waived by answer. [Section 1800, Revised Statutes 1909; Fulwider v. Gas Co., 216 Mo. 582.] Defendants are in no position to attack the judgment on the score of a misjoinder of parties.

The view that an agent and his undisclosed principal cannot be held jointly liable finds support in early decisions of the St. Louis Court of Appeals (Packing Co. v. Tucker, 8 Mo. App. 95; Sessions v. Block, 40 Mo. App. 569; Provenchere v. Reifess, 62 Mo. App. 50, and in the case of Weil v. Raymond, 142 Mass. 206). In the latter case the court say that the plaintiff "cannot sue both jointly, but it is said that he can proceed against each separately, although not to judgment against both, for a judgment obtained against one, although unsatisfied, is a bar to an action against the other"—a statement which supports our ruling that the objection urged against the petition is. in fact, based on a misjoinder of parties and not on the insufficiency of the facts alleged to constitute a cause of action.

In these decisions of the St Louis Court of Appeals, the rule is stated that "a party who enters into a contract with the agent of an undisclosed principal may, after the principal has been disclosed, proceed either against the agent or against the principal, but he cannot proceed against both, and if he proceeds against one, although unsuccessfully, he cannot thereafter proceed against the other." [Sessions v. Block, supra.] The rule that upon discovery of the fact that the agent who contracted in his own name was acting for an undisclosed principal, the creditor is put to his election, is stated as follows in 31 Cyc. 1678: "While a person who has dealt with the agent of an undisclosed principal may elect to hold either the agent, or, upon discovery, the principal, he cannot hold both, and if with full knowledge of the facts material to his rights he elects to hold the agent he thereby discharges the liability of the principal, and conversely."

Decisions of the Supreme Court of later date than those of the St. Louis Court of Appeals to which we have just referred are relied upon by counsel for plaintiff as authorities overruling the doctrine that the creditor cannot recover judgment against both the agent and the undisclosed principal. In Weber v. Collins, 139 Mo. 501, a contract for the construction of a building was made by a married woman but the referee found as a fact that her husband was the real party in interest and that she was acting not only for herself but as his agent when she entered into the agreement with the plaintiffs. The action was against both husband and wife on the debt thus created and was sustained on the ground that both were liable. The court held it was proper for plaintiff to show by oral evidence that the husband was an undisclosed principal since such evidence "in no way contradicts the written agreement. It does not deny that it (the contract) is binding on those whom, on the face of it, it purports to bind, but shows that it also binds another by reason that the act

of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal.''

But since the wife in that case was found to be a principal as well as the agent of her husband, it cannot be said that judgment against both was allowed to stand on the theory that the creditor is not compelled, on the discovery of the agency, to elect whether he will hold the agent or the principal liable as his debtor.

And in Winslow v. McCully, 169 Mo. 236, the question of holding both principal and agent was not before the court and the statement in that decision that ''in such cases the agent is primarily liable but the undisclosed principal is also liable when discovered'' (which was quoted from Mecham on Agency) is consistent, as the context will show, with the idea that an election by the creditor, upon discovery of the agency, to pursue the agent will release the undisclosed principal, and the opposite choice of debtors will release the agent. There is no conflict between the decisions of the St. Louis Court of Appeals and those of the Supreme Court relied upon by plaintiff. The rule is well settled in such cases that principal and agent are not jointly liable. Had defendants raised the issue of a misjoinder by demurrer, plaintiff undoubtedly would have been required to elect but as it is the objection, as stated, comes too late.

It is enough to say of the evidence that we find substantial support in it for the finding of the jury expressed by the judgment that the Construction Company, which was insolvent and really defunct at the time the contract was made, was owned and controlled by Reyburn and was put forth as a mere agent for Reyburn and Baker, who were the real parties in interest.

The facts present a similar situation to that considered by the Supreme Court in Winslow v. McCully, supra, and we hold, as was there held, that the plain-

tiff made out a prima-facie case of agent acting for undisclosed principals.

The point made by defendants that plaintiff failed to show delivery of all the material sued for, and the further point of error in the admission of certain evidence bearing on the issue of delivery, have been carefully examined and are held to be not well taken. There is no prejudicial error in the record.

Affirmed. All concur.