[Civ. No. 4027. Third Appellate District.—July 3, 1930.]

BELLE KLINGER, Respondent, v. THE MODESTO FRUIT COMPANY, INC. (a Corporation), Appellant.

T. B. Scott for Appellant.

Frank B. Collier and J. M. Cross for Respondent.

THOMPSON (R. L.), J.—This is a rehearing from an opinion rendered in an appeal from a joint and several judgment against agents and their undisclosed principal for the purchase of grapes.

On rehearing our attention is called to the fact that the pleadings present an issue regarding the relationship of Horton and Gibson as agents for The Modesto Fruit Company in the transaction in which the obligation was incurred and that at no time during the process of the trial was a demand made upon the respondent to elect between the appellant and its agents as to which she would choose to hold liable for the purchase of the fruit.

The complaint alleges that the defendants Horton and Gibson, as the agents of The Modesto Fruit Company, a corporation, purchased on consignment seventeen carloads of black grapes from the respondent which were sold by the Fruit Company for the net sum of $7,102.43, no part of which was paid plaintiff except the sum of $4,849.46, leaving a balance of $2,252.97 of the purchase price unpaid. It was specifically alleged that the defendants Horton and Gibson acted as the employees of the Fruit Company in that transaction without disclosing their agency. The liability of an undisclosed principal is clearly alleged.

The Modesto Fruit Company answered separately, setting up their written contract with the defendant Horton and denying his agency in the transaction. Each of the individual defendants answered separately. At the trial the court adopted findings to the effect that on May 12, 1926, the defendants Horton and Gibson entered into written contracts with the plaintiff to purchase the grapes in the name of B. W. Horton; that The Modesto Fruit Company "took over and assumed the contracts," on May 15,

1926, and that in the purchase of the grapes the defendants Horton and Gibson acted as the agents for the Fruit Company. The complaint and findings will support no other theory of the liability of the appellant. A joint and several judgment was thereupon entered against the defendants for the sum of $2,476.41. The evidence amply supports the findings to the effect that the defendants Horton and Gibson acted as agents for The Modesto Fruit Company in purchasing the fruit; that the Fruit Company assumed liability therefor and that a balance of $2,476.41 was due and unpaid on the purchase price. A demurrer for misjoinder of parties defendant was not filed. No motion on the part of any defendant was ever made to require the plaintiff to elect as to whether she would seek to hold the agents or their undisclosed principal liable for the indebtedness.

This appeal was perfected by The Modesto Fruit Company only. Neither of the individual defendants appealed and the judgment has become final against them.

Clearly, the allegations of the complaint, the findings and the judgment are based upon the theory that The Modesto Fruit Company is liable upon these contracts for the purchase of grapes as the undisclosed principal of Horton and Gibson. We are of the opinion the evidence will support this theory. There are no findings to support the existence of a joint venture or a partnership between the several defendants in this transaction. Assuming that the evidence will support a judgment against The Modesto Fruit Company as an undisclosed principal, the law is well settled that a creditor is not entitled to a judgment against both the principal and the agent when a demand for an election has been seasonably made. When the agency is established, on motion, the creditor will be required to designate which party he elects to hold responsible for the obligation. (*McDevitt* v. *Corriea*, 70 Cal. App. 245, 254 [233 Pac. 381]; *Ewing* v. *Hayward*, 50 Cal. App. 708, 718 [195 Pac. 970]; 1 Cal. Jur. 858, sec. 134; 2 C. J. 843, sec. 526; 2 Mechem on Agency, 2d ed., 1312, secs. 1729–1759.)

Prosecuting a claim to judgment against an agent alone, after securing knowledge of the interest in the transaction of an undisclosed principal, will be deemed to constitute an election to hold the agent which will relieve the

principal from further liability. (2 Mechem on Agency, 2d ed., 1338, sec. 1759; 2 C. J. 846, sec. 529; 21 R. C. L. 894, sec. 68; *Murphy* v. *Hutchinson,* 93 Miss. 643 [17 Ann. Cas. 611, 48 South. 178, 21 L. R. A. (N. S.) 785, note 788]; *Gay* v. *Kelley,* 109 Minn. 101 [123 N. W. 295, 26 L. R. A. (N. S.) 742, note].) ■ When there is an issue as to the existence of the agency, both the agent and the alleged principal may be properly joined in the action for the purpose of determining their relationship and liability. When that relationship is established by admission of the pleadings or otherwise, on motion, the claimant may be required to elect which party he chooses to hold. This election should ordinarily be made before the judgment is rendered and entered. (*Mussenden* v. *Raiffe,* 131 Ill. App. 456; *Sessions* v. *Block,* 40 Mo. App. 569; *Pittsburg Plate Glass Co.* v. *Roquemore,* (Tex. Civ. App.) 88 S. W. 449; *Tew* v. *Wolfsohn,* 77 App. Div. 454 [79 N. Y. Supp. 286]; 2 Mechem on Agency, 2d ed., 1331, sec. 1750; 21 R. C. L. 895, sec. 68.) ■ The reason assigned for requiring an election to be made as to whether a creditor will seek to hold the agent or the undisclosed principal is that the contract upon which the liability depends is not joint or several, but rather it is ordinarily an alternative one. The agent may be held liable for his negligence in failing to disclose his principal and because the agent has seen fit to contract in his own name. The principal may be held liable when it is established that the agent, acting within the scope of his authority, has made a contract in behalf of the principal. The reason for the necessity of an election is expressed by the court in the leading English authority of *Benton* v. *Campbell P. & Co., Ltd.,* 2 K. B. 410, 14 Br. R. C. 295, as follows:

"The liability of the agent is not joint, nor is it contingent on default by the principal. Two contracts are made in identical terms. One with the principal and the other with the agent, and the opposite party, unless prevented by some election, can enforce either, but not both."

Accordingly, in the concurring opinion of Mr. Justice Finlayson in the case of *Ewing* v. *Hayward,* 50 Cal. App., at page 718 [195 Pac. 970, 975], it is said: "It seems that if, as in the instant case, the alleged undisclosed principal denies the existence of the relation of principal and agent,

the party seeking to recover on the contract may commence the action against both the alleged undisclosed principal and his agent, in order to ascertain the facts. But though the plaintiff may bring the action against both, the rule, as I understand it, is that the plaintiff in such an action cannot have judgment against both the undisclosed principal and his agent, but, before the close of the case, must elect whether he will take a judgment against one or the other. (See *Sessions* v. *Block*, 40 Mo. App. 569; *Pittsburg Plate Glass Co.* v. *Roquemore*, (Tex. Civ. App.) 88 S. W. 449; *Weil* v. *Raymond*, 142 Mass. 206 [7 N. E. 860]; *Tuthill* v. *Wilson*, 90 N. Y. 423; *Mattlage* v. *Poole*, 15 Hun (N. Y.), 556.). . . The lower court, instead of requiring plaintiff to make an election at the close of the case . . . entered judgment against both. This, I think, is ground for reversal.''

So, also, in the case of *McDevitt* v. *Corriea*, 70 Cal. App. 245 [233 Pac. 381], a judgment was reversed which was entered against both an agent and his undisclosed principal, on the ground that an election should have been required. In that case the appellant Corriea & Bros. was a produce marketing corporation of San Francisco. It employed one Biggerstaff of Yuba County to purchase turkeys for the market season of 1922. Biggerstaff hired a man by the name of Corey to assist him. They bought the turkeys of plaintiff in their own names without disclosing their principal. The turkeys were not paid for. Suit was brought jointly against the produce marketing company and the individuals who contracted for the turkeys, for their contract price. Biggerstaff suffered judgment by default to be entered against him. Corriea & Bros. answered, denying the agency and alleging that the turkeys were shipped to them on consignment. The court found that the agency existed, but entered a joint and several judgment against all the defendants. Corriea & Bros. was the only defendant that appealed. In a well-considered opinion written by the late Justice Hart, the judgment in that case was reversed on the ground that the owner of the turkeys was not entitled to a judgment against both the agent and the principal and that a choice as to which party the creditor elected to hold responsible should have been required.

On rehearing it is urged by the respondent that since there was no demurrer in the present case on the ground of misjoinder of party defendants and that no motion or demand for an election was ever made in the course of the trial, this remedy was waived and there was, therefore, no error in entering judgment against both the agents and their principal.

■ The doctrine of election, whether it be applied to the selection of optional courses of procedure or the choice of individuals who are deemed to be severally liable for an obligation, is intended for the benefit of the parties charged. Obviously this defense may, therefore, be waived by them. ■ Of course the same obligation may not be satisfied against both an agent and his undisclosed principal, for a creditor would thus be doubly paid. An election to hold one is therefore a bar to subsequently proceeding against the other. The exercise of an election may therefore constitute an estoppel *in pais,* and absolutely preclude the elector from subsequently resorting to a different procedure or individual to satisfy the obligation. (9 R. C. L. 960, sec. 7.) ■ An election is in fact the exercise of a choice of optional remedies or debtors and the consequent waiver of the cause against others. The result depends upon the intent and purpose of the elector as evidenced by his acts with relation to his adversary. (20 C. J. 4, sec. 2.) ■ It is illogical and unjust to require a creditor on his own initiative and without a demand or motion to make an election as to whether he will seek to hold an agent or his principal liable upon an obligation. This would require him to speculate upon the decision of the court regarding the relationship of the principal and agent. An election before the rendition of judgment might not accord with the court's view of the relationship as disclosed by the evidence. A premature choice might result in an erroneous selection and a total loss of a valid claim. Conflicting evidence regarding the liability of the agent or his principal would require the affirmance of a judgment at variance with the election. The uncertainty and injustice of an erroneous election is apparent. The law will not require a litigant to gamble on his remedy. It would seem to be a wiser and better rule of procedure, where there is an issue or a doubt as to the relationship of a principal and agent,

to require a motion for election to be made, and even then to hold the motion under advisement until the liability and relationship of the respective parties has been determined; and then render judgment accordingly. If both are found to be liable because of the relationship of agent and undisclosed principal, then the court should direct an election to be made and enter judgment accordingly. ▮ If the demand for an election is not raised by demurrer or motion during the process of the trial by the party for whose benefit this doctrine is intended, it should be deemed to have been waived. While an election under such circumstances as this case presents may reasonably be required on motion, and when exercised should be a bar to a subsequent effort to hold the other party defendant liable, yet in the absence of a demand or motion for such election, there appears to be no good reason why each defendant who would otherwise be obligated, should not be held liable. In many of the cases where it has been held that an election should be made before the entry of judgment, the question of a previous demand or motion to that effect, seems not to have been involved. We are cited to no authority which specifically holds that an election under circumstances similar to those of the present case, must be made, regardless of a previous motion or demand to that effect. On the contrary, judgments against both the agent and his undisclosed principal in cases similar to this one, have been upheld on the ground that the right to compel an election was waived by failure to demand or move for that remedy during the course of the trial. (*Nesbitt* v. *Cherry Creek Irr. Co.*, 38 Nev. 150 [145 Pac. 929, 931]; *Stevens* v. *Wisconsin F. Land. Co.*, 124 Minn. 421 [145 N. W. 173, 174]; *O'Grady* v. *Howe & R. Co.*, 166 App. Div. 552 [152 N. Y. Supp. 79, 83]; *Central L. & Mfg. Co.* v. *Reyburn-Laird R. E. etc.*, 189 Mo. App. 405 [176 S. W. 509, 511].) In the case of *Nesbitt* v. *Cherry Creek Irr. Co., supra,* in which a judgment was entered against both the principal and the agent, the court said: ''Having contested on the ground that it [the principal] is in no way liable, without asserting at the trial that the plaintiff should elect, we think the company has waived its right, if any, to now assert that the plaintiff cannot recover because it did not elect to hold either the company

or Davis when it was making a contention against any liability.''

Likewise in the case of *Central L. & Mfg. Co.* v. *Rayburn-Laird R. E. etc., supra,* wherein a judgment against both the principal and agent was upheld, and no motion for election was made at the trial, the court says: ''Had defendants raised the issue of a misjoinder by demurrer, plaintiff undoubtedly would have been required to elect, but as it is the objection, as stated, comes too late.''

So, also, in *Stevens* v. *Wisconsin F. L. Co., supra,* the court says: ''If an agent contracts in his own name without disclosing his principal, the other contracting party, on discovering the facts, may hold either agent or principal. He is not entitled to hold both. . . . If he sue both, *he may be compelled* to elect between them. . . . This right to compel an election is defendants' only remedy. There was no request made at any stage of this case that plaintiffs be required to elect. . . . It was not for the defendants to say which one of them plaintiffs should pursue. The option was with plaintiffs. The court could not dismiss the cause as to either. There is no error on this branch of the case.''

And in the O'Grady case above cited the New York Supreme Court said: ''When plaintiff's motion for judgment on the pleadings . . . was granted . . . the defendant . . . could then have insisted that plaintiff had made an election binding upon him to hold the agent only, and a motion for dismissal of the complaint as against the remaining defendant, if made, must have been granted. But no such motion was made, either then, or thereafter, and no request made that the court so hold. I think we must hold that the point was waived.''

On the foregoing authorities, and on principle, we, therefore, hold that where an agent or an undisclosed principal defends in an action against them jointly, and the conduct of the plaintiff does not amount to an election, and the defendants permit a judgment to be rendered and entered against both of them, without raising the question of an election by demurrer, motion, demand or otherwise, the right to compel an election is thereby waived and may not be raised for the first time on appeal.

In the case of *Ewing* v. *Hayward*, above cited, it does not appear that a demand or motion for election was not duly made. The language of Mr. Justice Finlayson, as follows: ''The lower court, instead of requiring plaintiff to make an election at the close of the case,'' seems to infer that such a request had been formerly made. At least it is unreasonable to penalize the claimant for failing to anticipate the decision of the court and to speculate upon a choice of judgment debtors.

In the case of *McDevitt* v. *Corriea*, above cited, another principle conclusively determines the correctness of that decision. The record in that case shows that the agent Biggerstaff failed to answer the complaint and the plaintiff voluntarily entered judgment against him and then proceeded to prosecute the action against the principal. The act of voluntarily entering judgment by default against Biggerstaff constituted an election to hold him liable for the obligation and thereby relieved the principal from the indebtedness. The court so held in its opinion.

In the present case no such default occurred. There was no conduct on the part of the respondent in this case indicating that she ever attempted or intended to exercise a choice which would amount to an estoppel *in pais*.

For the reason that no demand or motion was made in the present case to require an election, this remedy is deemed to have been waived by the appellant.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 2, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 28, 1930.