[Civ. No. 9615. Second Appellate District, Division One.—April 23, 1936.]

PAUL J. GROSSO, Respondent, v. MONFALCONE, INC. (a Corporation), et al., Defendants; TOMMY JACOBS, Appellant.

Charles W. Lyon, Fleming & Robbins and Clifford S. Tinsman for Appellant.

Charles A. Thomasset for Respondent.

HOUSER, P. J.—As disclosed by the record herein, it appears that the defendant Monfalcone, Inc., a corporation,

was the owner of a boat which, in accordance with an agreement that existed between Monfalcone, Inc., and one Bob Goldie relative to a division of profits, was being operated by the latter for "amusement" purposes; that in thus operating the said boat, defendant Tommy Jacobs was in charge thereof as manager; that in the course of conducting the "amusement" afforded on said boat, its electrical lighting system became out of order, with the result that, at the instance and the direction of defendant Tommy Jacobs, another employee on the boat contacted plaintiff, from whom was rented an electric generator for a specified period of three days, at a price of $75 per day,—said generator to be returned to plaintiff on the day following that period; also, that defendant Tommy Jacobs would be personally responsible for the rent of said generator; that thereupon said generator was delivered on board said boat; but that because of the fact that on the seventh day following said delivery, it and the said boat were destroyed by fire, the said generator was never returned to plaintiff.

Although the evidence introduced on the trial of the action would appear to preponderate to the contrary, in its findings of fact the trial court found that after the expiration of the four-day period, the holding by the defendants of said generator was "against plaintiff's will and consent".

With reference to a demand by plaintiff for a return of the generator, from testimony given by plaintiff it appears that some time after the boat and the generator had been destroyed, plaintiff "looked up Mr. Jacobs in regard to my (plaintiff's) plant. . . . He said the plant burned up. I said, 'Well, how about it?' I says, 'I got a plant out here, it is mine. I want my money.' 'Well', he said, 'you will have to go see Nick Oswald and that bunch. You will have to see them to get your money'."

In his amended complaint, plaintiff presented three alleged separate causes of action, to wit: first, for rent of the generator in the sum of $3,500, being at the rate of $75 per day for four days, and thereafter at the rate of $350 per week from the date of the expiration of the four-day period to the date of the commencement of the action; secondly, presumably by way of the statutory action known as "claim and delivery", with relation to which plaintiff demanded that de-

fendants either return the generator to him, or, in lieu thereof, that defendants pay to plaintiff the sum of $4,250, its alleged value; in substance, and excepting differences in the respective forms of expression only of the allegations, the alleged third cause of action is identical with the alleged second cause of action, but as to which plaintiff demanded a straight money judgment for damages suffered by him in the premises.

In addition to the general facts hereinbefore outlined, the findings of fact made by the trial court included the finding, "that at the time of said rental said Tommy Jacobs did not disclose and did not inform plaintiff that he was an employee and servant of Monfalcone, Inc., and plaintiff was not aware and had no knowledge of said fact; that on the contrary and at the time of said rental, defendant, Tommy Jacobs, stated to plaintiff that he would be personally responsible for (1) said portable gas driven generator, (2) the aforesaid rental at the rate of Seventy Five ($75.00) Dollars a day, and (3) the return to North Hollywood, California, at the expiration of the said four (4) days to plaintiff of the said portable gas driven generator''; also, a finding to the effect ''that prior to the commencement of this action, . . . plaintiff requested and demanded the return of the said portable gas driven generator but said defendants, . . . failed and refused to return the same and . . . converted and appropriated said portable gas driven generator to their own use; . . . ''

Not only from the amended complaint, but as well from the evidence, the findings made by the trial court, and its judgment thereon, it appears that the theory upon which liability of the defendant Monfalcone, Inc., was predicated was that defendant Tommy Jacobs was an agent who assumed responsibility, but who in fact was acting for an undisclosed principal. On the trial of the action, as soon as that theory had been developed by evidence introduced by plaintiff, the defendants made a motion, coupled with a demand, to the effect that in such circumstances plaintiff be required and compelled to elect as to whom he would seek to hold liable,—the agent, Tommy Jacobs, or the principal, Monfalcone, Inc. In response thereto, in part, plaintiff's attorney stated that, ''You must make your demand. However, the plaintiff does not have to elect until the case is entirely in, after the evidence is in''; and after all the evidence had been introduced the judge remarked, ''That brings it down to the argument

of the case," to which the attorney for defendants responded, "There is an election at this time, your Honor." The Court: "Yes. . . . " However, plaintiff did not elect, nor did the court require him to do so. Some time thereafter, probably through inadvertence, the trial court rendered its judgment against both defendants, first for the sum of $4,250, and secondly, for the sum of $300. It is from such judgment that the defendant Tommy Jacobs has appealed to this court.

 "The rule is well established that where one deals with another believing him to be a principal, and subsequently learns that he was dealing with an agent of an undisclosed principal, he may recover either from the person with whom he dealt or from the undisclosed principal." (1 Cal. Jur. 860. See, also, 1 Cal. Jur. Ten-Year Supp. 173.) But he is not entitled to hold both the agent and the principal. On demand therefor, the plaintiff must elect. (*Ewing* v. *Hayward,* 50 Cal. App. 708 [195 Pac. 970]; *McDevitt* v. *Chas. Corriea & Bros.,* 70 Cal. App. 245 [233 Pac. 381]; *Klinger* v. *Modesto Fruit Co.,* 107 Cal. App. 97 [290 Pac. 127]; *Miller* v. *San Francisco C. E. Soc.,* 125 Cal. App. 85 [13 Pac. (2d) 824]; *Hannin* v. *Fisher,* 5 Cal. App. (2d) 673 [43 Pac. (2d) 815].) It follows that as to counts one and two of the complaint, the judgment cannot be permitted to stand.

Notwithstanding that situation, plaintiff contends that because of the failure and refusal of the defendants to return the generator to plaintiff after demand had been made by him upon them so to do, in law they were guilty of a conversion of said generator, and that having thus become tortfeasors, plaintiff was entitled to a judgment against each of said defendants.

It may be conceded that in proper circumstances, a conversion may exist where the bailee of personal property refuses to redeliver it to the bailor in accordance with the terms of the contract; and that in such a case an action by the bailor against the bailee in the form of trover, is proper; but in order to maintain such an action, ordinarily, at least, it is necessary that the commencement thereof be preceded by a demand by the bailor upon the bailee that the latter redelivered to the former the possession of the subject of the bailment, coupled with the failure and the refusal on the part of the bailee so to do. Furthermore, the complaint must

410

contain suitable allegations by which such demand and such failure and refusal are clearly stated. More than that, "the plaintiff must show the ability of the defendant to comply with the demand at the time that it is made"; and evidence of the required demand and refusal "may be repelled by proof that a compliance was impossible". (4 Cal. Jur. 34 et seq., and authorities there cited.) But it has been held that where the gist of the action is the negligent loss of the bailor's property no demand is necessary before the action is commenced (6 Cor. Jur. 1154), because manifestly, in such circumstances, a demand for the return of the property would be fruitless. However, even conceding that such a rule may obtain within this state, and consequently, the facts herein considered, that no demand was required; or, if necessary, that, as found by the trial court, a sufficient demand was made, nevertheless, as to the third cause of action it is apparent that the right of plaintiff to recover a judgment against defendant Tommy Jacobs must rest upon some negligent act either committed by him, or for which he was personally responsible, which act proximately was the reason for his failure to return the generator to plaintiff.

In pleading, it is a well-settled rule that the existence of negligence as a cause of action may not be assumed or presumed. To the contrary (with the possible exception of the application of the doctrine of *res ipsa loquitur*), in order to be available to a plaintiff in an action, he must both allege and prove the negligence of the defendant. (6 Cor. Jur. 1156, 1158.) With respect to the third count, an inspection of the allegations of the complaint discloses no charge of negligent conduct whatsoever against either of the defendants. The complaint is absolutely silent in that regard. But for the reason that in his answer to the complaint, defendant Tommy Jacobs negatived the commission by him of any negligent act and set up the fact that, in the absence thereof, the boat and the generator were destroyed by fire, it may be considered that the issue of negligence was passably presented to the trial court for its determination. At any rate, among other facts, the trial court found "that the aforesaid portable gas driven generator was lost by reason of the negligence, misconduct and default of the defendants, Monfalcone, Inc., and Tommy Jacobs, and each of them; that the said portable gas driven generator was lost by reason of

the unsafe equipment to-wit, a gasoline storage fuel tank having no shut off valve on said boat Monfalcone contained and by reason of the negligent, careless, and reckless conduct of the said Monfalcone, Inc., its agents and/or servants in attempting to repair said gasoline storage tank contained on board said ship without draining the same by reason whereof the gasoline in said tank contained was caused to ignite when it came into contact with an open electrical switchboard.''

From such finding of fact, it becomes apparent that the theory upon which the judgment was rendered on said third count (if at all), was that the generator was lost through and by reason of the inexcusable negligence of the defendants. In that regard, the evidence shows that the negligence of the engineer on the boat was the direct cause of the fire. Whether in reality he was an employee of Monfalcone, Inc., or of Bob Goldie, who was operating the boat, is not so important. But considered either way, the engineer was not an employee of defendant Tommy Jacobs; nor was the latter, as an employee either of Monfalcone, Inc., or of Bob Goldie, responsible for the negligent act of his coemployee. In other words, the engineer's negligence could not be imputed to defendant Tommy Jacobs. (45 Cor. Jur. 1028.) As is stated in the case of *Bryant* v. *Pacific Electric Ry. Co.*, 174 Cal. 737, 742 [164 Pac. 385], ''There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies.''

As a final reason for affirming the judgment against defendant Tommy Jacobs, respondent suggests that he was a guarantor. But the complaint in the action discloses that said defendant was not sued upon a guaranty, nor was the case tried upon any such theory. It follows that the judgment should be, and it is, reversed.

Doran, J., concurred.

York, J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 16, 1936.