Enno KRAEHE, Plaintiff-Appellant,

v.

William R. DORSEY, Defendant-Respondent, and

Helen Carpenter, Frank Spica, Joseph Spica, Mary Lou Spica, Eugene E. Freeman, Trustee, Ruth E. Wood, William S. Bahn, Dorothy Ann Bahn, J. W. Wood Realty Co., a Corporation, Defendants.

No. 32834.

St. Louis Court of Appeals. Missouri.

Sept. 17, 1968.

Jerome R. Mandelstamm, J. L. London, St. Louis, for plaintiff-appellant.

William S. Bahn, St. Louis, for defendants.

William R. Dorsey, Clayton, for defendant-respondent.

RUSSELL H. DOERNER, Commissioner.

Plaintiff Enno Kraehe brought this action against the defendants to recover the sum of $1,000 alleged to be due him for services rendered in appraising certain real estate known as Old Westlake Park, located in St. Louis County. By separate answers, one filed by defendant Dorsey and the other by the remaining defendants, (hereafter referred to as the other defendants), liability was denied, and in addition Dorsey filed a counterclaim for damages of $10,000 claimed to have been suffered because plaintiff negligently prepared his appraisal. At the conclusion of plaintiff's opening statement Dorsey, a lawyer, who appeared pro se, and the other defendants, separately moved that the plaintiff's cause of action be dismissed as to them. The trial court overruled Dorsey's motion but sustained that of the other defendants. The trial then proceeded as to Dorsey alone, and resulted in a verdict and judgment in favor of plaintiff and against Dorsey for $1,000. Within the prescribed time plaintiff filed a motion for a new trial as to the other defendants, and Dorsey filed a similar motion as to the judgment against him. The court sustained both motions, and plaintiff thereupon appealed from that part of the court's order setting aside the judgment against Dorsey and granting him a new trial. The other defendants did not appeal.

This litigation grew out of a condemnation case brought by the State Highway Commission in 1960 to acquire for highway purposes about 10 of the approximately 37 acres comprising Old Westlake Park. The property was actually owned, in undivided one-fourth interests, by defendants Frank Spica, Joseph Spica and Mary Lou Spica, his wife, William S. Bahn and Dorothy Ann Bahn, his wife, and the J. W. Wood Realty Company, but title thereto stood in the name of Helen Carpenter, a straw party. Plaintiff's testimony was that in 1960 Dorsey employed him to appraise the property, at which time he told Dorsey that his fee would be between $1800 and $2000, and Dorsey indicated that amount would be satisfactory. When first employed he in-

formed Dorsey, plaintiff related, that he didn't know how soon he could prepare a written report, but that he could get enough material together to appear at the Commissioners' hearing if he didn't have the report ready. He did appear at the hearing held by the Commissioners appointed by the court in the condemnation case, and gave it as his opinion that the value of the property to be taken was $83,000.00. Subsequently, in November 1962, he submitted his written report to Dorsey in which he concluded that the amount of damages caused by the taking was $60,000. In explanation of the difference in the figures plaintiff testified that a further study of other transactions in the area made after the Commissioners' hearing caused him to come up with a different figure he thought was more justified by the facts. He related that he sent Dorsey a bill for $1500 and received $500, but that the remainder was never paid. Plaintiff testified, that based upon the time spent and the expenses he incurred $1500 was a reasonable charge for the services rendered, and in this he was supported by two professional appraisers called by him as expert witnesses. He stated that Dorsey had never told him who the owners of the property were, that he assumed Helen Carpenter was a straw party, and that he never knew who the actual owners were until this litigation arose.

Bahn, who is also a member of the Bar, appearing as Dorsey's witness, testified that he had discussed the employment of an attorney with the other owners, and had been authorized by them to engage counsel to represent them in the condemnation case. He employed Dorsey for that purpose, and they agreed that Dorsey's fee would be 25% of any recovery in excess of the $43,000 which the Highway Commission had previously offered to pay. Bahn stated that he authorized Dorsey to employ an appraiser and recommended plaintiff to Dorsey. It is impossible to determine from the transcript the chronological order of the ensuing events, but it would appear that Dorsey employed plaintiff, that the condemnation Commissioners' hearing was held, and that almost two years later plaintiff submitted his written report and bill to Dorsey. According to Bahn, the Commissioners made an award of damages of $70,000 to which both the owners and the Highway Commission filed exceptions, but whether that award was made before or after plaintiff made his written report does not appear. Bahn also testified that after the Commissioners made their award the Highway Commission offered to settle for $67,500, but that the owners had not accepted the offer and that the condemnation case was still pending. When Dorsey orally informed him that plaintiff wanted $1500 for his services, Bahn related, he responded that the suit wasn't settled, that on the basis of plaintiff's past performance $1500 was entirely too high, and that anything over $500 for what plaintiff had done would be out of line and exorbitant.

Dorsey testified that while he could not say it was impossible that plaintiff had quoted him a figure of $1500 or $2000 when he employed plaintiff, he did not remember such a quotation. He also said, "* * * I have found in the past with Mr. Kraehe we pay him a reasonable fee for his services. The reason he was not paid in this case is I did not have the money available. I am the agent of the property owners. The money that was given to me by the property owners to pay Mr. Kraehe was forwarded to him and he has received the $500.00 which I received. If a judgment is rendered against me I would pay it from my own pocket."

Dorsey's motion for a new trial contains twelve assignments of error, two of which include various subsections. The first six are couched in such shop-worn generalities as "* * * the verdict is contrary to the law and evidence" and "* * * the verdict of the jury and the judgment of the Court therein is contrary to the law and

evidence." Such assignments raise nothing and are meaningless. Treon v. City of Hamilton, Mo., 363 S.W.2d 704, 708. Nevertheless, in his order sustaining Dorsey's motion for a new trial the court stated that he did so "on all grounds" contained in the motion. The approval by a trial court of "shotgun" assignments of error in a motion for a new trial has been viewed with disfavor by the Supreme Court, Caldwell v. St. Louis Public Service Co., Mo., 275 S. W.2d 288, 290, a view we share. For as plaintiff justifiably complains, under the circumstances here prevailing such a blanket approval of Dorsey's motion for a new trial has placed upon plaintiff the burden of attempting to refute, one by one, the twelve assignments of error set forth in that motion. Nor has plaintiff's burden, or that of this court, been lightened by Dorsey's failure to file a brief in this court in support of the trial court's action.

■ For the most part plaintiff has borne the burden of refutation thus injudiciously cast upon him. But one of Dorsey's assignments in his motion for a new trial was that the court erred in sustaining the motion of the other defendants to dismiss them from the action, made at the conclusion of the opening statement by plaintiff's counsel. There can be no reasonable doubt that the trial court erred in sustaining what was tantamount to a motion for a directed verdict in favor of the other defendants. The basis for their motion, as expressed by their counsel, was that plaintiff's opening statement was deficient, in that, "* * * There has been no evidence, no statement of even provable evidence to indicate that any of the people that I have indicated are in any way involved in this contract as principal or agent or that they have made a contract with Mr. Kraehe or that they approved of Mr. Kraehe's employment or they participated in paying Mr. Kraehe in any way, shape or form. And for this reason defendants, as outlined, respectfully move for their dismissal from this lawsuit." If the matters referred to by defendants' counsel

were not sufficiently touched upon by plaintiff's counsel in his opening statement (and giving plaintiff the benefit of favorable inferences, we think they were), they stood admitted as a matter of record. This for the reason that long prior to the trial plaintiff had filed written requests for the admission by the other defendants of such matters; and the defendants had never objected to such requests, denied them, or offered any reasons why they could not admit or deny them. Thus they should have been deemed admitted, Civil Rule 59.01(a), V.A.M.R., and plaintiff was entitled to have such judicial admissions considered by the trial court at the time it passed on the defendants' motion for a directed verdict. Hays v. Missouri Pacific R. R. Co., Mo., 304 S.W.2d 800, 805. Obviously, the trial court, before sustaining defendants' motion, failed to ascertain that plaintiff's opening statement embraced all of plaintiff's anticipated proof; and, after the motion was made, he denied plaintiff's request to make an additional statement. In both respects, he erred. Hays v. Missouri Pacific R. R. Co., supra.

■ Plaintiff does not contend that the trial court did not err in sustaining the motion of the other defendants for a directed verdict. Indeed, he is in no position to do so, for he filed a motion for a new trial as to the other defendants alleging such error, and the trial court sustained his motion. What plaintiff does contend is that the directed verdict in favor of the other defendants was in no way prejudicial to Dorsey, that Dorsey could not complain of that ruling, and that the trial court therefore erred in sustaining Dorsey's motion for a new trial on that ground. We disagree. Of course, it is true that in a personal injury action one of the defendants cannot complain of the court's action in directing a verdict in favor of another defendant. This for the reason that since all the defendants in such an action are jointly and severally liable to the plaintiff, the latter is the only one who is prejudiced and in a position to complain if the court

erroneously relieves one of the defendants from liability. May v. Bradford, Mo., 369 S.W.2d 225; Brickell v. Fleming, Mo., 281 S.W. 951; McCamley v. Union Electric Light & Power Co., Mo.App., 85 S.W.2d 200. But there was no joint and several liability of the defendants to the plaintiff in the instant case. Plaintiff testified that Dorsey never informed him who the actual owners of the property were. But as he indicated in his testimony, it is apparent that he knew who they were at the time he instituted this action, for in his petition plaintiff alleged that in employing him Dorsey was acting as the agent for the other defendants. In short, plaintiff's own pleadings and evidence showed that Dorsey acted as the agent of undisclosed principals. It is settled law that one who has dealt with the agent of an undisclosed principal may elect to hold either the agent or, upon learning the facts, the principal, but he cannot hold both. Restatement of the Law, Agency 2d, §§ 322, 337; Hartwig-Dischinger Realty Co. v. Unemployment Compensation Commission, 350 Mo. 690, 168 S.W.2d 78; Lawton-Byrne-Bruner Ins. Agency Co. v. Stiers Bros. Const. Co., Mo.App., 186 S.W.2d 480; Grether v. Di Franco, Mo.App., 178 S.W.2d 469. The reason such an election must be made is because, unlike a personal injury action, the liability of the agent and the undisclosed principal is an alternative and not a joint liability. United States Wood Preserving Co. v. Granite Bituminous Paving Co., Mo.App., 245 S.W. 349; Caruthersville Hardware Co. v. Pierce, Mo.App., 229 S.W. 238; Central Lumber & Mfg. Co. v. Reyburn-Laird Real Estate Building & Const. Co., 189 Mo.App. 405, 176 S.W. 509.

■ In the instant case, if the trial court had not erred in sustaining the motion of the other defendants for a directed verdict at the conclusion of plaintiff's opening statement plaintiff would have been required to elect whether to submit his case to the jury against either Dorsey or the other defendants. That plaintiff would have elected to proceed against the other defendants, the owners of the property involved, rather than against Dorsey, their lawyer, is not, of course, an absolute certainty. But the likelihood that he would have done so is indicated by the fact that even after plaintiff obtained a judgment against Dorsey he sought and obtained a new trial against the other defendants in an effort to obtain a judgment against them. In any event, so far as Dorsey was concerned, the direct effect of the court's action in sustaining the motion of the other defendants for a directed verdict as to them was to absolutely foreclose any possibility that plaintiff would elect to submit against such other defendants, and to leave Dorsey as the only party against whom plaintiff might seek to recover a judgment. Even in a tort action, while it is the general rule that one defendant may not complain of an error favorable to another defendant, there is nevertheless a well-recognized exception that a defendant may do so when the error affected his defenses or liability. Duboise v. Railway Express Agency, Inc., Mo., 409 S.W.2d 108; O'Donnell v. St. Louis Public Service Co., Mo.App., 246 S.W.2d 539; Biggs v. Crosswhite, 240 Mo.App. 1171, 225 S.W.2d 514. We are of the opinion that that principle is applicable to the situation existing in this case, that the ruling of the trial court on the motion of the other defendants was prejudicial to Dorsey as well as to the plaintiff, and hence that the trial court did not err in granting Dorsey a new trial.

■ Plaintiff also urges that Dorsey is in no position to complain of the trial court's ruling on the motion of the other defendants because he did not object at the time the ruling was made. But Dorsey did assign the court's ruling as error in his motion for a new trial, and Civil Rule 79.-04, V.A.M.R., provides that plain errors affecting substantial rights may be considered on motion for a new trial, in the discretion of the court, when the court deems

that manifest injustice or miscarriage of justice has resulted therefrom. As the Supreme Court said in Phillips v. Brooman, Mo., 251 S.W.2d 626, 632, citing cases urged by the appellant: "* * * In these cases, the new trial motion had been *overruled*. Here, the new trial motion was *sustained*. Failure to make either a sufficient or a timely objection does not prevent a trial court from sustaining a new trial motion for any trial error called to the court's attention in such motion; and where, as here, an appellate court sustains the new trial order on the ground specified by the trial court, the absence of sufficient and timely objection is not fatal. * * *" Under the circumstances here existing we cannot say that the trial court abused its judicial discretion in granting Dorsey a new trial. Woods v. Kansas City Club, Mo., 386 S.W.2d 62.

There is one other assignment in Dorsey's motion for a new trial, concerning plaintiff's closing argument, which the trial court may with some justification have had in mind in granting Dorsey a new trial. But since the ground already discussed is sufficient to sustain its action and there is little likelihood that the argument made will be repeated there is no need to unnecessarily extend this opinion by discussing it.

The order of the trial court setting aside the verdict and judgment as to Dorsey and granting him a new trial is affirmed, and the cause is remanded for further proceedings.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, order of trial court setting aside verdict and judgment as to Dorsey and granting him new trial is affirmed and cause remanded for further proceedings.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.